Robert Van **WEBER, Douglas Dante Fusco, Michael William Brown, Shawn T. Coker, James F. Muckle, John Allen Morris, and Donald Scott Johnson, Relators,**

v.

**The Honorable Richard HALL, Judge, 270th Judicial District, Harris County, Texas, Respondent.**

No. 14–96–00324–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 12, 1996.

Christa Brown, Austin, Ronald D. Krist, Richard R. Morrison, Houston, for relators.

Robert D. Green, Michael L. Davis, John C. Allen, Christy A. Hext, Houston, for respondent.

\* The Honorable Joe L. Draughn sitting by assign-

Before YATES, O'NEILL and DRAUGHN.\*

## OPINION

DRAUGHN, Justice.

In this original proceeding, relators seek a writ of mandamus ordering the respondent to vacate the order of December 15, 1995 staying proceedings pending binding arbitration. We conditionally grant the writ.

Relators are plaintiffs in a suit against their former employer, Universal Computer Systems, and other related entities. In this suit, relators allege breach of contract, fraud, conspiracy, conversion, unconscionability, and quantum meruit. Relators had signed employment agreements which contained an arbitration clause. Every year relators also signed sales plans/agreements which specified their duties and commissions for that year. The arbitration clause in the Employment Agreement states, "In the Event of any controversy or dispute between Employer and Employee *as to all or any part of this Agreement,* such dispute shall be settled by arbitration ...." (emphasis added). Defendants filed a motion to compel arbitration of all claims based on the arbitration clause in the Employment Agreement. The trial court granted this motion and stayed proceedings pending disposition of this original proceeding.

Because relators claim their causes of action arise from the sales agreements and not from the Employment Agreement, relators contend the trial court abused its discretion in compelling arbitration. Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court could reason-

ment.

ably have reached only one decision. *Id.* at 918. As to determination of legal principles, an abuse of discretion occurs if the trial court clearly fails to analyze or apply the law correctly. *Walker,* 827 S.W.2d at 840.

■ In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Id.* Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989). An appellate remedy is not inadequate merely because the party may incur more expense and delay than in obtaining the writ. *Walker,* 827 S.W.2d at 842. A party loses its right to have its dispute resolved by litigation when it is compelled to arbitrate in the absence of an agreement to do so. *Freis v. Canales,* 877 S.W.2d 283, 284 (Tex.1994). Accordingly, we hold that relator has no adequate remedy by appeal. *Id.*

■ Relators contend the trial court abused its discretion in compelling arbitration because the arbitration clause does not extend to plaintiffs' claims and does not apply to many of the defendants who were not parties to the Employment Agreement. Alternatively, relators claim the Employment Agreement is unenforceable. We turn first to relators' contention that the arbitration clause does not extend to relators' claims.

■ The Federal Arbitration Act provides that an arbitration provision in any contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Once it is determined the parties agreed to arbitrate certain disputes, a court must compel arbitration on those issues made part of the agreement. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 219, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985); *Belmont Constructors, Inc. v. Lyondell Petrochemical Co.,* 896 S.W.2d 352, 356 (Tex.App.—Houston [1st Dist.] 1995, no writ). Whether the parties have agreed to arbitrate is a question of fact

for the trial court. *Belmont,* 896 S.W.2d at 356.

■ Arbitration of disputes is strongly favored under both federal and state law. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Prudential Securities Inc. v. Marshall,* 909 S.W.2d 896, 898 (Tex.1995). When a party asserts a right to arbitration under the Federal Arbitration Act, the question whether a dispute is subject to arbitration is decided under federal law. *Marshall,* 909 S.W.2d at 899 (citing *Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 844 (2d Cir.1987)). In determining whether claims fall within the scope of an arbitration agreement, a court must focus on the factual allegations of the complaint, rather than on the legal causes of action asserted. *Marshall,* 909 S.W.2d at 900. The burden is on the party opposing arbitration to show that their claims fall outside the scope of the arbitration agreement. *Id.*

■ The question whether a claim is arbitrable is decided on the basis of the existence of an arbitration provision that, on its face, appears broad enough to encompass the parties' claims. *Mar–Len of Louisiana, Inc. v. Parsons–Gilbane,* 773 F.2d 633, 635 (5th Cir.1985). In reviewing the language of the provision, a court must nevertheless consider the presumption in favor of arbitrability:

> A presumption of arbitrability exists requiring that whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. The weight of this presumption is heavy: arbitration should not be denied "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue."

*Id.* at 636 (citations omitted); *Neal v. Hardee's Food Systems, Inc.,* 918 F.2d 34, 37 (5th Cir.1990).

■ An arbitration clause will be interpreted under contract principles. *Id.* at 37. The language of a contract will be enforced according to its plain meaning, unless

such a reading would defeat the intentions of the parties. *Id.*

In the present case, relators all signed Employment Agreements. These agreements contain a variety of provisions, including the following: (1) a general description of employment duties; (2) a requirement to keep confidential certain confidential and proprietary information, including trade secrets, client information, and development of new procedures; (3) the extent of services to be rendered; (4) a covenant not to compete for a period of five years; (5) a covenant not to disclose any proprietary or confidential information; (6) a relinquishment of all rights in inventions or other programs or concepts conceived by the employee while employed; (7) the requirement of an exit interview; (8) the arbitration clause; (9) consent to temporary and permanent injunctive relief to enforce any of the provisions of the Employment Agreement; (10) a provision for attorney's fees in a suit to enforce the agreement; (11) a provision for judicial modification of the covenants not to compete and not to disclose; (12) a provision for notice; (13) non-waiver of breach by employer; (14) an assignment provision; (15) an employment at will provision; and (16) an entire agreement clause.

The arbitration clause provides:

> In the event of any controversy or dispute between EMPLOYER and EMPLOYEE *as to all or any part of this Agreement,* such dispute shall be settled by arbitration in Houston, Texas in accordance with the rules then existing of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof. EMPLOYER shall, in addition, be entitled to reasonable sums for legal fees and costs necessarily incurred in arbitration. In the event of a dispute arising pursuant to the provisions of paragraphs 4, 5, or 6 above,[1] EMPLOYER may resort directly to court action without submission of the dispute to arbitration.

Every year, employees received a copy of the annual Sales Plan effective for that year. The Sales Plan manual detailed duties, responsibilities, a quota point system, and compensation to be paid sales representatives. Employees receiving the Sales Plan acknowledged receipt, understanding, and acceptance of the Sales Plan by their signature.

Relators assert that the plain language of the arbitration clause shows that it extends only to claims relating to the provisions of the Employment Agreement. Relators' claims concern the payment of sales commissions and fraudulent misrepresentations regarding these commissions. Because the Employment Agreement does not address commissions, relators reason that the arbitration clause does not extend to their claims.

UCS disagrees and contends the Sales Plan is incorporated into the Employment Agreement or that the two agreements must be read together. In making this contention, UCS points to the "Duties" paragraph in the Employment Agreement. This paragraph provides that the Employer employs the employee as a full-time or part-time employee, "his powers and duties to be such as may be determined from time to time by the President of EMPLOYER or his designee." This does not incorporate or reference the Sales Plan and does not indicate the two documents are to be read together.

UCS also contends this case is analogous to *Neal v. Hardee's Food Systems, Inc.,* 918 F.2d 34 (5th Cir.1990), in which the Fifth Circuit held that several agreements should be read together. In *Neal,* the appellee acquired six Hardee's franchises, signing license agreements which contained arbitration provisions, and a purchase agreement. *Id.* at 36. Appellee argued that his claims concerned the purchase agreement, not the license agreements, and thus, the arbitration provision in the license agreement did not encompass appellee's claims. *Id.* at 37. The court disagreed, observing that "separate agreements executed contemporaneously by the same parties, for the same purposes, and as part of the same transaction, are to be

---

1. Paragraph 4 concerns the covenant not to compete; Paragraph 5 is the covenant not to disclose; and Paragraph 6 concerns the waiver of rights to inventions by the employee during the term of employment.

construed together." *Id.* Consequently, the court held that the arbitration provision applied to appellee's claims. *Id.* at 38.

We find *Neal* distinguishable. The license agreements and purchase agreement in *Neal* were signed at the same time and the purchase agreement acknowledged the parties would contemporaneously enter into the license agreements. *Id.* at 37. Furthermore, the two agreements existed to further the goal of making Neal a Hardee's franchisee. *Id.*

The two agreements in this case were not signed contemporaneously. In fact, a new sales plan was signed every year. Furthermore, we cannot say the two agreements served the same purposes. The Employment Agreement, signed by all employees, is primarily concerned with the prevention of competition and disclosure of confidential information. The Sales Plan, on the other hand, concerns duties and commissions for sales representatives. Thus, unlike the court in *Neal*, we do not find the two agreements must be read together.

UCS further claims the arbitration clause applies to relators' claims because the arbitration clause is of a type held by courts to be very broad and applicable to a number of different disputes. In support of this contention, UCS cites *Mar–Len of Louisiana, Inc. v. Parsons–Gilbane*, 773 F.2d 633 (5th Cir. 1985). In *Mar–Len*, the contract contained a clause providing for arbitration of any dispute "with respect to the interpretation or performance of this Subcontract...." *Id.* at 634. The case involved a dispute as to the validity of certain modifications to the original contract. *Id.* at 635. The court held that the arbitration clause was broad enough to cover the challenge to the disputed contract modifications. *Id.* at 636.

 *Mar–Len* is easily distinguishable from the present case in that the dispute in *Mar–Len* involved modifications to the contract containing the arbitration clause. In the present case, the dispute concerns the annual Sales Plans, not the Employment Agreement. The Employment Agreement contains no provisions concerning sales commissions and does not reference or incorporate any other agreements that do concern

sales commissions. The federal policy of resolving doubts in favor of arbitration may not serve to stretch a contract beyond the scope intended by the parties. *Belmont Constructors, Inc. v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 356 (Tex.App.—Houston [1st Dist.] 1995, no writ).

UCS argues that the evidence presented at the hearing established that the intent of the parties was that the Sales Plan be read in conjunction with the Employment Agreement. In support of this argument, UCS cites testimony of an employee that every employee was required to sign an Employment Agreement and that the signing of this agreement was a condition of employment. Thus, UCS contends that, without signing the Employment Agreement, no Sales Plan is made available to an employee.

We find this testimony immaterial. Even if all employees must sign the Employment Agreement, this does not change the express language of the arbitration clause making it applicable only to disputes as to "this Agreement." If UCS had intended the arbitration clause to apply to disputes regarding the payment of commissions to sales representatives it could have easily stated so in the clause. It did not. We find that the arbitration clause applies only to disputes arising under the terms of the Employment Agreement. This dispute does not concern any of the provisions of the Employment Agreement. Thus, we hold the trial court abused its discretion in compelling arbitration.

We conditionally grant the petition for writ of mandamus. The writ will issue only if the respondent refuses to vacate the order of December 15, 1995.