**YSLETA INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Lupe GODINEZ, Appellee.**

No. 08–98–00347–CV.

Court of Appeals of Texas, El Paso.

July 29, 1999.

Rehearing Overruled Sept. 1, 1999.

Claudia Dorgan Roberts, Lipson, Dallas & Weiser, P.C., El Paso, for Appellant.

John P. Mobbs, Beck & Given, P.C., El Paso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is an interlocutory appeal from the trial court's refusal to compel arbitration. We affirm the trial court's ruling and remand for further proceedings consistent with this opinion.

## FACTS

Lupe Godinez was employed as a secretary with Ysleta Independent School District (YISD). She suffered an on-the-job back injury which forced her to take a leave of absence and file a workers' compensation claim. During her leave of absence, YISD hired someone else to fill her job. Godinez alleges that YISD retaliated against her for filing a workers' compensation claim with regard to her termination and attempts to return to employment. She ultimately found a job with another school district at a lower salary.

Godinez filed suit against YISD for retaliation under the Texas Labor Code.[1] Over a year after the suit was filed, after the parties had completed all pretrial discovery, and just before the third trial setting of the case, YISD for the first time

1. TEX. LAB.CODE ANN. §§ 451.001–003 (Vernon 1996).

filed a motion to compel arbitration. This motion was based upon the YISD board of trustees policies and regulations. The trial court, without stating her specific reasoning, refused to compel arbitration or dismiss the suit. This appeal follows.

## STANDARD OF REVIEW

■■ Where the trial court's decision involves both factual determinations and legal conclusions, we review under an abuse of discretion standard.[2] Purely legal conclusions, however, are reviewed *de novo*.[3] Factual questions concerning an order denying arbitration are reviewed under a "no evidence" standard.[4]

## SCOPE OF THE ARBITRATION CLAUSE DOES NOT INCLUDE GODINEZ'S CLAIMS

The parties urge several theories for and against arbitration here. We believe, however, that we need reach only one issue: whether the arbitration policy relied upon by YISD covers the claims made by Godinez in her lawsuit. After examining the language of the policy relied upon by YISD, we conclude it does not. The policy provides:

> This policy is applicable to all current full-time employees of the Ysleta Independent School District who believe that they have received unfair or discriminatory treatment. This policy shall govern the following matters:
>
> 1. Grievances concerning wages, hours of work, or conditions of work;
> 2. Allegations of unlawful discrimination on the basis of sex, race, religion,

national origin, age, or handicap, or on the basis of the employee's exercise of constitutional rights; and

> 3. Appeals of evaluations.

Complaints concerning other matters are governed by other policies as follows:

> 1. Terminations including reductions in force and returns to probationary status are governed by policy DOB.
> 2. Suspension and dismissal of professional and support staff are governed by DOAC and DOCCB.

YISD urges that Godinez's claims fall within this policy because Godinez alleges discrimination and retaliation in violation of the workers' compensation laws. It argues that the arbitration policy is applicable to all employees who believe they have received discriminatory treatment, and therefore her claim "touches matters covered by" the policy and is within its scope.[5] Godinez, on the other hand, argues that the plain language of the policy does not include charges of retaliatory termination based on workers' compensation claims.

■■ In resolving this dispute, we observe initially that arbitration is a creature of contract, and although we analyze the arbitrability of specific claims with deference to the public policy favoring arbitration, nevertheless we employ standard contract principles.[6] We will enforce an arbitration agreement according to its plain meaning.[7] Whether a claim is arbitrable depends upon an arbitration provision that, on its face, is broad enough to encompass the parties' claims.[8] A party

---

2. *Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex.App.—San Antonio 1996, no writ).

3. *Id.*; *Fridl v. Cook*, 908 S.W.2d 507, 511 (Tex.App.—El Paso 1995, writ dism'd w.o.j.).

4. *Fridl*, 908 S.W.2d at 511.

5. See *United Parcel Service, Inc. v. McFall*, 940 S.W.2d 716, 719 (Tex.App.—Amarillo 1997, no writ) ("causes of action arising under statute (as opposed to contract) may be subject to arbitration if they 'touch matters

covered by,' and despite not being specifically referenced in, the arbitration agreement.")

6. *Tenet Healthcare, Ltd. v. Cooper*, 960 S.W.2d 386, 388 (Tex.App.—Houston [14th Dist.] 1998, pet. dism'd w.o.j.); *Fridl*, 908 S.W.2d at 511.

7. *Solis v. Evins*, 951 S.W.2d 44, 49 (Tex. App.—Corpus Christi 1997, orig. proceeding).

8. *Weber v. Hall*, 929 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding).

seeking to compel arbitration must establish the existence of an arbitration agreement, and show that the .claims raised fall within the scope of that agreement.[9]

■ We first note that the policy here applies only to "current full-time employees" of YISD. Godinez is not employed by YISD, nor was she at the time suit was filed. Indeed, that she is no longer an employee is the basis of her lawsuit. Complaints based on termination are specifically exempted from the policy.

■ Furthermore, even presuming that Godinez's job status does not control, the policy here is not a broad form agreement requiring arbitration of all YISD-employee disputes. Rather, it limits arbitration to certain particularly enumerated grievances. There is no mention in the policy of retaliatory termination under the workers' compensation act. Godinez's claim does not concern her working conditions, hours or pay; she does not allege unlawful discrimination based on sex, race, religion, national origin, age, handicap, or exercise of constitutional rights, nor does she appeal an adverse evaluation. Her petition alleges only retaliatory termination based on the exercise of her rights under the Texas Workers' Compensation Act. We hold, therefore, that policy DGBA simply does not apply.[10]

## CONCLUSION

Having found that, as a matter of law, the YISD arbitration policy does not apply to Godinez's claim, we need not reach the school district's other issues on appeal, that the trial court erred in considering certain documents submitted by Godinez and that she erred in failing to hold an evidentiary hearing. We affirm the trial court's order denying YISD's motion to compel arbitration. The case is remanded to the trial court for further proceedings consistent with this opinion.

---

**9.** *In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex.1999) (citing *Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 944 (Tex. 1996)).

**10.** *See Wright v. Universal Maritime Serv. Corp.,* 525 U.S. 70, 119 S.Ct. 391, 396–97, 142 L.Ed.2d 361 (1998) (contractual waiver of statutory right to judicial forum must be "explicitly stated" and "clear and unmistakable").