Marina Maese **DE GONZALEZ,** Sharleen Maese, Patrick Maese, Rojelio Maese, Reyna M. Maese–Nevarez, Romelia Maese De Gonzalez, and Roberto A. Maese–Nevarez, Appellants,

v.

Josefina **MAESE–NEVAREZ,** Fabiola Maese–Crespo, Rodolfo Maese–Nevarez, Jose Sanchez–Soriano, and Marisa P. De Olivas, Appellees.

No. 08–03–00138–CV.

Court of Appeals of Texas, El Paso.

March 17, 2005.

John P. Mobbs, El Paso, for Appellants.

Mark Gregory Briggs, Porras, Stephen & Briggs, L.L.P., El Paso, for Appellees.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the decision of the trial court entering a final judgment finding that one Appellee,[1] Cross–Defendant below, is entitled to claim funds recovered and held in escrow as a result of related litigation. For the reasons stated, we affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL HISTORY

In March of 1983, Roberto Maese Horcasitas purchased nine annuities from First Service Life Insurance Company for the benefit of his eight children as named beneficiaries. The first eight annuities designated a specific child as beneficiary and were funded by an amount equal to the percentage of interest in the estate of

---

1. Though three of the Maese heirs are named as Appellees in the style of this case, only one heir, Josephina Maese–Nevarez is defending this appeal. The other Appellees through their position at trial agree with her positionand, though remain parties-in-interest with a potential stake in the outcome, have not participated in this appeal. A motion to dismiss claims against Appellees, Jose Sanchez–Soriano, and Marisa P. De Olivas was signed by all attorneys and filed on February 27, 2002 though no order granting the motion was included in the clerk's record.

Roberto Maese Horcasitas bequeathed to each child by his will. The annuities were not funded in equal shares. The purchase amount of the ninth annuity was significantly larger than any of the others and the proceeds were used by Mr. Maese Horcasitas as income to live on until his death. The ninth annuity, Annuity 2008, named Josefina Maese–Nevarez as the designated beneficiary of the annuity. Josefina Maese–Nevarez was the only child named twice as a beneficiary of the annuity policies.

Mr. Maese Horcasitas died in November 1988.

Sometime during 1988, the annuities lost any intrinsic value when the issuing company, First Service Life Insurance Company, was determined to be insolvent. On May 16, 1990, the parties to this action joined with other annuity holders in filing suit against numerous defendants, in El Paso, Texas in the case of *Meneses et al. v. First Financial Savings Association of El Paso, et al.*, Cause No. 88–9254. This lawsuit is the remainder of this initial dispute. Simultaneous to this action, and related to the failure of the First Service Life Insurance Company, another lawsuit styled, *El Paso Electric Company v. First Service Life Insurance Company, et al.* was being prosecuted as Cause No. 451,-497 in the 345th Judicial District Court in Travis County, Texas. The annuity holders, plaintiffs in this case below, were named as "Creditor Defendants" in the Travis County action and ordered to file administrative claims with the Texas Department of Insurance to protect their respective interests. This same list of claims was later used in connection with related receivership litigation which ultimately disposed of the assets of First Service Life Insurance Company. The annuity holders received distributions of funds from that action.

During the fourteen years following the failure of First Service Life Insurance Company, numerous claims were pursued against numerous parties by the parties to this case. Some of those actions resulted in the recovery of funds. In 2001, this case was referred by the trial court to mediation and a mediation took place on July 31, 2001. The parties reached a settlement of the bulk of the claims asserted in the action. On January 28, 2002, before the entry of a final judgment, some of the plaintiff parties filed a Cross–Claim for Declaratory Relief against some of the other plaintiff parties. The substance of the cross-claim dispute centered around the distribution of the proceeds recovered in the various actions specifically related to two annuities. The parties requested that the court determine the appropriate distribution of the funds. On February 7, 2002, the majority of the plaintiffs and defendants filed a Joint Motion to Dismiss and for Severance, informing the court of the settlement of the claims and requesting that the court dismiss all the claims with the exception of the cross-claims asserted in the January 28, 2002 motion.

On February 7, 2002, a Judgment was entered by the Court purporting to dismiss the case-in-chief but reserving the cause of action asserted among the various plaintiffs. A subsequent mediation was held on February 20, 2002 which resulted in a further narrowing of the issues and the filing of a Joint Motion to Dismiss and for Severance on February 27, 2002. Also on February 27, 2002, the parties filed an Agreed Judgment which further narrowed the action and limited the parties to the following: Marina Maese de Gonzalez, Sharleen Maese, Reyna M. Maese–Nevarez, Roberto A. Maese–Nevarez, and Romelia Maese de Gonzalez as Cross–Plaintiffs v. Fabiola Maese–Crespo, Josefina Maese–Nevarez and Rodolfo Maese–

Nevarez as Cross–Defendants all of whom are the heirs of Roberto Maese Horcasitas. These are the parties presently pursing this appeal.[2]

On July 3, 2002, a non-jury trial was held to resolve the remaining issues. The trial court signed a Declaratory Judgment on November 7, 2002. Appellants filed a Motion for New Trial and to Vacate or Clarify and Modify the Judgment.

On December 18, 2002, a hearing was held on Appellants' Motion for New Trial and to Vacate or Clarify and Modify the Judgment. The trial court vacated the earlier Declaratory Judgment and signed a "Clarified Final Declaratory Judgment" on December 18, 2002. Appellants filed another Motion for New Trial on January 16, 2003. A hearing was held on February 28, 2003 and the trial court denied the motion.

## II. *DISCUSSION*

In a single issue supported by two arguments, Appellants have asserted that, as a matter of law, the trial court erred in ordering that Josefina Maese–Nevarez have and recover the remaining funds held in escrow as proceeds of the Annuity 2008. Though the issue on appeal is not clearly stated, it appears to argue two reasons in support of Appellants' argument that the trial court's issuance of a judgment in favor of Josephina Maese–Nevarez should be reversed as a matter of law.

This remaining dispute, which is the substance of the lawsuit presently pending before the Court, revolves around a conflict among the children of Roberto Maese Horcasitas over funds held in escrow that are attributed to a recovery of funds related to Annuity 2008. Annuity 2008 was the sole annuity used by Roberto Maese Hor-

casitas for income during his life and was the largest of the nine annuities originally purchased. It named Josefina Maese–Nevarez as the only beneficiary at the time of the purchase. Some of the children (and heirs of a previously deceased child) are claiming a right to some of the proceeds and assert that the funds must be distributed pursuant to the ratios established by the Texas Department of Insurance in the receivership litigation or in amounts equal to percentages identified by the will of Roberto Maese Horcasitas.

The Appellants here are siblings or relatives of Josefina Maese–Nevarez and are claiming a right to some of the proceeds still being held. Appellants contend that they are entitled to a share of the proceeds because Josefina Maese–Nevarez has previously agreed, pursuant to a Stipulation and Agreement signed as a result of a mediation of some of the claims, that a determination made by the Texas Department of Insurance established the ratios for distributions of all funds received by all the plaintiffs. Appellants contend that the previous agreement is binding on Josefina Maese–Nevarez as to the specific proceeds of Annuity 2008 and requires that any funds be distributed either pro rata or as per the percentages outlined in the late Mr. Maese Horcasitas's will.

The second argument in support of Appellants' issue is that Ms. Maese–Nevarez' conduct during the previous litigation and in relation to this dispute, constituted a waiver of her right to assert sole interest in the funds now at issue.

### Standard of Review

 Where the trial court's decision involves both factual determinations and legal conclusions, we review under an

---

**2.** One of Mr. Maese Horcasitas's sons, Rogelio Maese–Nevarez predeceased Mr. Maese Horcasitas in 1988, his heirs, his wife and two children, Sharleen Maese, Patrick Maese, and Rojelio Maese, were substituted as Appellants.

abuse of discretion standard. *Ysleta Indep. Sch. Dist. v. Godinez*, 998 S.W.2d 700, 702 (Tex.App.-El Paso 1999, no pet.) *citing Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex.App.-San Antonio 1996, no writ). Purely legal conclusions, however, are reviewed *de novo*. *Id.; Fridl v. Cook*, 908 S.W.2d 507, 511 (Tex.App.-El Paso 1995, writ dism'd w.o.j.). A conclusion of law will not be reversed unless it is erroneous as a matter of law. *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex.App.-Austin 1992, no writ). Even an incorrect conclusion of law will not require a reversal if the controlling findings of fact support a correct legal theory. *Id.*

Appellants have asserted that the only issue pending before the Court requires an analysis of the trial court's order for a determination of appropriateness as a matter of law. Of necessity, this Court must also determine whether the trial court's decision was supported by the factual evidence.

■ Despite the long and acrimonious history of the case pending before us, the trial court was left with the narrowed question of determining which of the party plaintiffs is entitled to receive the proceeds of the last vestiges of the funds originally deposited by Roberto Maese Horcasitas with First Service Life Insurance Company for the benefit of his children. The majority of the plaintiffs in the litigation below reached a settlement of the majority of the claims by virtue of a mediation that took place on July 31, 2001. An agreement was reached and reduced to writing and eventually included in the court's record as a filed Stipulation and Agreement memorializing the terms of the settlement. Unfortunately, this agreement did not dis-

pose of the entire case nor resolve the dispute among the Maese heirs surrounding the proceeds attributable to one of the original annuities, Annuity 2008. Though Appellants cite to some paragraphs of the agreement that dispose of related issues among the parties in support of their position, they neglect to acknowledge the clear and unequivocal language of paragraph F. Paragraph F of the agreement provided "[t]he fund distributions to which entitlement arises from FSLIC Annuity numbers 2007[3] and 2008 are to remain in said escrow account until there is agreement pertaining to such distribution by all parties, or the matter is adjudicated by this Court." It is clear from the plain reading of the agreement that at the time of the mediation, all the parties recognized that a dispute about the distribution of some of the proceeds continued to exist and that a resolution by settlement or further litigation was contemplated.

Appellants contend that this agreement provides that, as a matter of law, the beneficial interest in the proceeds from Annuity 2008 must be divided as discussed in previous parts of the agreement. The Appellants did not provide the trial court with any documents which reflect the substance of the determination made by the Special Deputy Receiver and whether that determination addressed the issue of the entitlement to the proceeds of Annuity 2008 in more specific terms. At the trial before the judge, the Appellants did not provide any testimony from any witness regarding the terms of the agreement or the actual amount of any distributions made pursuant to the agreement. Nor have they presented any evidence to establish that the agreement was intended to govern the distribution of the proceeds of Annuity 2008.

---

**3.** The dispute surrounding Annunity 2007 was resolved independently and is not a subject of this appeal.

We hold, as a matter of law, that the Stipulation and Agreement filed of record on December 19, 2002 did not resolve the question of the right to the proceeds from Annuity 2008 and the trial court's decision in this regard is affirmed.

■ Appellants' second argument under their sole issue is that the conduct of Josephina Maese–Nevarez during the course of the underlying and related litigation acts as a waiver of her right to claim an interest in the funds in question. A review of the record establishes that Ms. Maese–Nevarez was an active participant in the underlying litigation along with her siblings. Several of the Maese heirs were represented by one attorney, Mr. Hal Monk. Appellants tendered numerous letters and documents to the trial court which reflect communications between Mr. Monk and various attorneys and parties to the litigation. Those documents discuss offers of settlement or compromise of the various disputes pending in the case, legal positions to assert and strategies to pursue in handling of the lawsuit. Appellants are suggesting that the negotiations and discussions regarding this litigation, which took place over the course of many years, create a legal obligation on the part of the Appellee and a right on behalf of the Appellants. Such is not the case. There is no evidence before the court of the intentional or implied waiver of a legal right to the funds in question on the part of Josephina Maese–Nevarez. Appellants have attached numerous documents and letters, many of which are unsigned, as evidence of Ms. Maese–Nevarez' waiver. A review of those documents, however, establishes that the documents clearly contemplate ongoing negotiations and discussions among the Maese heirs about possible settlements or compromises of the parties' disputes. Nothing provided reflects a consummated agreement memorializing the parties' final intentions or decision to resolve the matters.

■ Waiver is defined as " 'an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.' " *Jernigan v. Langley,* 111 S.W.3d 153, 156 (Tex.2003) *citing Sun Exploration & Prod. Co. v. Benton,* 728 S.W.2d 35, 37 (Tex.1987); *U.S. Fid. & Guar. Co. v. Bimco Iron & Metal Corp.,* 464 S.W.2d 353, 357 (Tex.1971). Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.,* 1 S.W.3d 108, 111 (Tex.1999). There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right. *Maryland Cas. Co. v. Palestine Fashions, Inc.,* 402 S.W.2d 883, 888 (Tex.1966). Waiver is ordinarily a question of fact, but when the surrounding facts and circumstances are undisputed, as in this case, the question becomes one of law. *Motor Vehicle Bd.,* 1 S.W.3d at 111.

No evidence of an intent to waive Josephina Maese–Nevarez' interest in the proceeds attributed to Annuity 2008 has been shown by the Appellants. For that reason, Appellants' sole issue is overruled in its entirety.

Having overruled Appellants' sole issue on review, we affirm the judgment of the trial court.

LARSEN, J., not participating.