COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



MARINA MAESE DE GONZALEZ,
SHARLEEN MAESE, PATRICK
MAESE, ROJELIO MAESE, REYNA
M. MAESE-NEVAREZ, ROMELIA
MAESE DE GONZALEZ, AND
ROBERTO A. MAESE-NEVAREZ,

                            Appellants,

v.

JOSEFINA MAESE-NEVAREZ,
FABIOLA MAESE-CRESPO,
RODOLFO MAESE-NEVAREZ, JOSE
SANCHEZ-SORIANO, AND MARISA
P. DE OLIVAS,

                            Appellees.

§

§

§

§

§

§

§

§




No. 08-03-00138-CV

Appeal from the

County Court at Law No. 3

of El Paso County, Texas

(TC# 88-9254)



O P I N I O N

           This is an appeal from the decision of the trial court entering a final judgment finding
that one Appellee


, Cross-Defendant below, is entitled to claim funds recovered and held in
escrow as a result of related litigation. For the reasons stated, we affirm the judgment of the
trial court.
I. FACTUAL AND PROCEDURAL HISTORY
           In March of 1983, Roberto Maese Horcasitas purchased nine annuities from First
Service Life Insurance Company for the benefit of his eight children as named beneficiaries. 
The first eight annuities designated a specific child as beneficiary and were funded by an
amount equal to the percentage of interest in the estate of Roberto Maese Horcasitas
bequeathed to each child by his will. The annuities were not funded in equal shares. The
purchase amount of the ninth annuity was significantly larger than any of the others and the
proceeds were used by Mr. Maese Horcasitas as income to live on until his death. The ninth
annuity, Annuity 2008, named Josefina Maese-Nevarez as the designated beneficiary of the
annuity. Josefina Maese-Nevarez was the only child named twice as a beneficiary of the
annuity policies.
           Mr. Maese Horcasitas died in November 1988.
           Sometime during 1988, the annuities lost any intrinsic value when the issuing
company, First Service Life Insurance Company, was determined to be insolvent. On May
16, 1990, the parties to this action joined with other annuity holders in filing suit against
numerous defendants, in El Paso, Texas in the case of Meneses et al. v. First Financial
Savings Association of El Paso, et al., Cause No. 88-9254. This lawsuit is the remainder of
this initial dispute. Simultaneous to this action, and related to the failure of the First Service
Life Insurance Company, another lawsuit styled, El Paso Electric Company v. First Service
Life Insurance Company, et al. was being prosecuted as Cause No. 451,497 in the 345th
Judicial District Court in Travis County, Texas. The annuity holders, plaintiffs in this case
below, were named as “Creditor Defendants” in the Travis County action and ordered to file
administrative claims with the Texas Department of Insurance to protect their respective
interests. This same list of claims was later used in connection with related receivership
litigation which ultimately disposed of the assets of First Service Life Insurance Company. 
The annuity holders received distributions of funds from that action.
           During the fourteen years following the failure of First Service Life Insurance
Company, numerous claims were pursued against numerous parties by the parties to this case. 
 Some of those actions resulted in the recovery of funds. In 2001, this case was referred by
the trial court to mediation and a mediation took place on July 31, 2001. The parties reached
a settlement of the bulk of the claims asserted in the action. On January 28, 2002, before the
entry of a final judgment, some of the plaintiff parties filed a Cross-Claim for Declaratory
Relief against some of the other plaintiff parties. The substance of the cross-claim dispute
centered around the distribution of the proceeds recovered in the various actions specifically
related to two annuities. The parties requested that the court determine the appropriate
distribution of the funds. On February 7, 2002, the majority of the plaintiffs and defendants
filed a Joint Motion to Dismiss and for Severance, informing the court of the settlement of
the claims and requesting that the court dismiss all the claims with the exception of the cross-claims asserted in the January 28, 2002 motion.
           On February 7, 2002, a Judgment was entered by the Court purporting to dismiss the
case-in-chief but reserving the cause of action asserted among the various plaintiffs. A
subsequent mediation was held on February 20, 2002 which resulted in a further narrowing
of the issues and the filing of a Joint Motion to Dismiss and for Severance on February 27,
2002. Also on February 27, 2002, the parties filed an Agreed Judgment which further
narrowed the action and limited the parties to the following: Marina Maese de Gonzalez,
Sharleen Maese, Reyna M. Maese-Nevarez, Roberto A. Maese-Nevarez, and Romelia Maese
de Gonzalez as Cross-Plaintiffs v. Fabiola Maese-Crespo, Josefina Maese- Nevarez and
Rodolfo Maese- Nevarez as Cross-Defendants all of whom are the heirs of Roberto Maese
Horcasitas. These are the parties presently pursing this appeal.



           On July 3, 2002, a non-jury trial was held to resolve the remaining issues. The trial
court signed a Declaratory Judgment on November 7, 2002. Appellants filed a Motion for
New Trial and to Vacate or Clarify and Modify the Judgment.
           On December 18, 2002, a hearing was held on Appellants’ Motion for New Trial and
to Vacate or Clarify and Modify the Judgment. The trial court vacated the earlier Declaratory
Judgment and signed a “Clarified Final Declaratory Judgment” on December 18, 2002. 
Appellants filed another Motion for New Trial on January 16, 2003. A hearing was held on
February 28, 2003 and the trial court denied the motion.
II. DISCUSSION
           In a single issue supported by two arguments, Appellants have asserted that, as a matter
of law, the trial court erred in ordering that Josefina Maese-Nevarez have and recover the
remaining funds held in escrow as proceeds of the Annuity 2008. Though the issue on appeal
is not clearly stated, it appears to argue two reasons in support of Appellants’ argument that
the trial court’s issuance of a judgment in favor of Josephina Maese-Nevarez should be
reversed as a matter of law.
           This remaining dispute, which is the substance of the lawsuit presently pending before
the Court, revolves around a conflict among the children of Roberto Maese Horcasitas over
funds held in escrow that are attributed to a recovery of funds related to Annuity 2008. 
Annuity 2008 was the sole annuity used by Roberto Maese Horcasitas for income during his
life and was the largest of the nine annuities originally purchased. It named Josefina Maese-
Nevarez as the only beneficiary at the time of the purchase. Some of the children (and heirs
of a previously deceased child) are claiming a right to some of the proceeds and assert that the
funds must be distributed pursuant to the ratios established by the Texas Department of
Insurance in the receivership litigation or in amounts equal to percentages identified by the
will of Roberto Maese Horcasitas.
           The Appellants here are siblings or relatives of Josefina Maese-Nevarez and are
claiming a right to some of the proceeds still being held. Appellants contend that they are
entitled to a share of the proceeds because Josefina Maese-Nevarez has previously agreed,
pursuant to a Stipulation and Agreement signed as a result of a mediation of some of the
claims, that a determination made by the Texas Department of Insurance established the ratios
for distributions of all funds received by all the plaintiffs. Appellants contend that the
previous agreement is binding on Josefina Maese-Nevarez as to the specific proceeds of
Annuity 2008 and requires that any funds be distributed either pro rata or as per the
percentages outlined in the late Mr. Maese Horcasitas’s will.
           The second argument in support of Appellants’ issue is that Ms. Maese-Nevarez’
conduct during the previous litigation and in relation to this dispute, constituted a waiver of
her right to assert sole interest in the funds now at issue.
Standard of Review
           Where the trial court’s decision involves both factual determinations and legal
conclusions, we review under an abuse of discretion standard. Ysleta Indep. Sch. Dist. v.
Godinez, 998 S.W.2d 700, 702 (Tex. App.--El Paso 1999, no pet.) citing Pony Express
Courier Corp. v. Morris, 921 S.W.2d 817, 820 (Tex. App.--San Antonio 1996, no writ).
Purely legal conclusions, however, are reviewed de novo. Id.; Fridl v. Cook, 908 S.W.2d 507,
511 (Tex. App.--El Paso 1995, writ dism’d w.o.j.). A conclusion of law will not be reversed
unless it is erroneous as a matter of law. Westech Eng’g, Inc. v. Clearwater Constructors,
Inc., 835 S.W.2d 190, 196 (Tex. App.--Austin 1992, no writ). Even an incorrect conclusion
of law will not require a reversal if the controlling findings of fact support a correct legal
theory. Id.
           Appellants have asserted that the only issue pending before the Court requires an
analysis of the trial court’s order for a determination of appropriateness as a matter of law. 
Of necessity, this Court must also determine whether the trial court’s decision was supported
by the factual evidence.
           Despite the long and acrimonious history of the case pending before us, the trial court
was left with the narrowed question of determining which of the party plaintiffs is entitled to
receive the proceeds of the last vestiges of the funds originally deposited by Roberto Maese
Horcasitas with First Service Life Insurance Company for the benefit of his children. The
majority of the plaintiffs in the litigation below reached a settlement of the majority of the
claims by virtue of a mediation that took place on July 31, 2001. An agreement was reached
and reduced to writing and eventually included in the court’s record as a filed Stipulation and
Agreement memorializing the terms of the settlement. Unfortunately, this agreement did not
dispose of the entire case nor resolve the dispute among the Maese heirs surrounding the
proceeds attributable to one of the original annuities, Annuity 2008. Though Appellants cite
to some paragraphs of the agreement that dispose of related issues among the parties in
support of their position, they neglect to acknowledge the clear and unequivocal language of
paragraph F. Paragraph F of the agreement provided “[t]he fund distributions to which
entitlement arises from FSLIC Annuity numbers 2007


 and 2008 are to remain in said escrow
account until there is agreement pertaining to such distribution by all parties, or the matter is
adjudicated by this Court.” It is clear from the plain reading of the agreement that at the time
of the mediation, all the parties recognized that a dispute about the distribution of some of the
proceeds continued to exist and that a resolution by settlement or further litigation was
contemplated.
           Appellants contend that this agreement provides that, as a matter of law, the beneficial
interest in the proceeds from Annuity 2008 must be divided as discussed in previous parts of
the agreement. The Appellants did not provide the trial court with any documents which
reflect the substance of the determination made by the Special Deputy Receiver and whether
that determination addressed the issue of the entitlement to the proceeds of Annuity 2008 in
more specific terms. At the trial before the judge, the Appellants did not provide any
testimony from any witness regarding the terms of the agreement or the actual amount of any
distributions made pursuant to the agreement. Nor have they presented any evidence to
establish that the agreement was intended to govern the distribution of the proceeds of
Annuity 2008. We hold, as a matter of law, that the Stipulation and Agreement filed of record
on December 19, 2002 did not resolve the question of the right to the proceeds from Annuity
2008 and the trial court’s decision in this regard is affirmed.
           Appellants’ second argument under their sole issue is that the conduct of Josephina
Maese-Nevarez during the course of the underlying and related litigation acts as a waiver of
her right to claim an interest in the funds in question. A review of the record establishes that
Ms. Maese-Nevarez was an active participant in the underlying litigation along with her
siblings. Several of the Maese heirs were represented by one attorney, Mr. Hal Monk. 
Appellants tendered numerous letters and documents to the trial court which reflect
communications between Mr. Monk and various attorneys and parties to the litigation. Those
documents discuss offers of settlement or compromise of the various disputes pending in the
case, legal positions to assert and strategies to pursue in handling of the lawsuit. Appellants
are suggesting that the negotiations and discussions regarding this litigation, which took place
over the course of many years, create a legal obligation on the part of the Appellee and a right
on behalf of the Appellants. Such is not the case. There is no evidence before the court of
the intentional or implied waiver of a legal right to the funds in question on the part of
Josephina Maese-Nevarez. Appellants have attached numerous documents and letters, many
of which are unsigned, as evidence of Ms. Maese-Nevarez’ waiver. A review of those
documents, however, establishes that the documents clearly contemplate ongoing negotiations
and discussions among the Maese heirs about possible settlements or compromises of the
parties’ disputes. Nothing provided reflects a consummated agreement memorializing the
parties’ final intentions or decision to resolve the matters.
           Waiver is defined as “‘an intentional relinquishment of a known right or intentional
conduct inconsistent with claiming that right.’” Jernigan v. Langley, 111 S.W.3d 153, 156
(Tex. 2003) citing Sun Exploration & Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987);
U.S. Fid. & Guar. Co. v. Bimco Iron & Metal Corp., 464 S.W.2d 353, 357 (Tex. 1971). 
Waiver is largely a matter of intent, and for implied waiver to be found through a party’s
actions, intent must be clearly demonstrated by the surrounding facts and circumstances. 
Motor Vehicle Bd. of the Tex. Dep’t of Transp. v. El Paso Indep. Auto. Dealers Ass’n, Inc.,
1 S.W.3d 108, 111 (Tex. 1999). There can be no waiver of a right if the person sought to be
charged with waiver says or does nothing inconsistent with an intent to rely upon such right. 
Maryland Cas. Co. v. Palestine Fashions, Inc., 402 S.W.2d 883, 888 (Tex. 1966). Waiver is
ordinarily a question of fact, but when the surrounding facts and circumstances are
undisputed, as in this case, the question becomes one of law. Motor Vehicle Bd., 1 S.W.3d
at 111.
           No evidence of an intent to waive Josephina Maese-Nevarez’ interest in the proceeds
attributed to Annuity 2008 has been shown by the Appellants. For that reason, Appellants’
sole issue is overruled in its entirety.
           Having overruled Appellants’ sole issue on review, we affirm the judgment of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice
March 17, 2005
 
Before Panel No. 3
Barajas, C.J., Larsen, and Chew, JJ.
Larsen, J., not participating