

# IN THE
# TENTH COURT OF APPEALS

───────────────

## No. 10-16-00408-CV

**T&T ROCK DISTRIBUTION, LLC,**

             **Appellant**

 **v.**

**RUTILIO I. VELASCO,**

             **Appellee**


───────────────


**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. DC- C201600551**

───────────────

## MEMORANDUM OPINION

───────────────

In eleven issues, appellant, T&T Rock Distribution, LLC, complains about the trial court's denial of its motion to compel arbitration and stay litigation proceedings. We affirm.

## I. BACKGROUND

In his original petition, appellee, Rutilio I. Velasco, alleged that he sustained life-altering injuries as a result of an incident that occurred at "the Yard, which was owned,

possessed, managed, operated and/or controlled by one of more of the Defendants."[1] Specifically, while working for appellant, Velasco was standing on the conveyor belt of a Superior Telestacker machine while the machine was turned off, attempting to resolve an issue with the machine. However, another worker turned the conveyor belt of the machine on while Velasco was still standing on it or near it, which caused Velasco to be thrown to the ground thirty feet below. As a result of the incident, Velasco asserted that he sustained "multiple broken bones, punctured organs, and damage to his head, neck, and face. Mr. Velasco's diagnosis is still ongoing." And because of these injuries, Velasco asserted premises-liability and negligence claims against appellant.

Among other things, appellant filed an original answer denying the allegations contained in Velasco's original petition, as well as a motion to compel arbitration and stay litigation proceedings. In its motion to compel arbitration, appellant contended that Velasco signed an arbitration agreement, which waived his right to initiate or prosecute a lawsuit and required the arbitration of claims, including tort claims and claims arising from work-related injuries. Appellant also asserted that Velasco's injuries were covered under the arbitration agreement and that the Federal Arbitration Act applied in this case. Attached to appellant's motion to compel arbitration were copies of the arbitration

---

[1] In addition to T&T Rock, KTI Incorporated, Johnson County Pipe, Inc., and Kenneth M. Thompson, LLC were sued by Velasco. All of these parties filed a joint notice of appeal in this case; however, KTI, Johnson County Pipe, and Kenneth M. Thompson LLC filed motions to dismiss their appeals, which we have granted.

agreement—one in English, which was not signed by Velasco, and what appellant refers to as a Spanish version of the arbitration agreement that was signed by Velasco. Velasco responded to appellant's motion to compel arbitration arguing that "there is no enforceable arbitration agreement in place," among other things.

Ultimately, after a hearing, the trial court denied appellant's motion to compel arbitration and stay litigation proceedings. This accelerated, interlocutory appeal followed. *See* TEX. R. APP. P. 28.1(a); TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West 2015).

## II. APPLICABLE LAW

"Generally, we review a trial court's decision to grant or deny a motion to compel arbitration under an abuse of discretion standard." *Enter. Field Servs., LLC v. TOC-Rocky Mountain, Inc.*, 405 S.W.3d 767, 773 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Under this standard, we defer to a trial court's factual determinations if they are supported by evidence; however, we review a trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). Whether a valid arbitration agreement exists and whether the arbitration agreement is ambiguous are questions of law that we review de novo. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006) (orig. proceeding).

A party seeking to compel arbitration must establish the existence of a valid, enforceable arbitration agreement and that the claims at issue fall within that agreement's

scope. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). If the movant establishes that an arbitration agreement governs the dispute, the burden shifts to the party opposing arbitration to establish a defense to the arbitration agreement. *In re Provine*, 312 S.W.3d 824, 829 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (citing *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding)). Once the movant established a valid arbitration agreement covering the claims at issue, a trial court has no discretion to deny the motion to compel arbitration unless the opposing party proves a defense to arbitration. *Id.* (citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753-54 (Tex. 2001) (orig. proceeding)).

Because state and federal policies favor arbitration, courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d at 753. To be subject to arbitration, the "allegations need only be factually intertwined with arbitrable claims or otherwise touch upon the subject matter of the agreement containing the arbitration provision." *In re B.P. Am. Prod. Co.*, 97 S.W.3d 366, 371 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). However, no presumption of arbitrability arises until the court has found there is an enforceable arbitration agreement. *In re Jebbia*, 26 S.W.3d 753, 756-57 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding).

## III.  ANALYSIS

In its first ten issues, appellant makes numerous arguments to show that the trial court abused its discretion by denying appellant's motion to compel arbitration and stay litigation proceedings.  Among the arguments made by appellant on appeal are that a valid arbitration agreement exists; that Velasco's claims fit within the scope of the agreement; that consideration exists to support the agreement; and that the Federal Arbitration Act applies to this agreement.  At the outset, we will address the argument made by Velasco in the trial court and on appeal that appellants cannot rely on an unsigned arbitration agreement.

Though public policy favors the arbitration of disputes, arbitration is also a creature of contract.  *See In re Big 8 Food Stores, Ltd.*, 166 S.W.3d 869, 876 (Tex. App.—El Paso 2005, orig. proceeding) (citing *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003); *Ysleta Indep. Sch. Dist. v. Godinez*, 998 S.W.2d 700, 702 (Tex. App.—El Paso 1999, no pet.)).  As such, a party cannot be compelled to arbitrate a dispute unless he has agreed to do so.  *Id.* (citing *Lang*, 321 F.3d at 537).  Furthermore, under standard contract principles, the presence or absence of signatures on a written contract is relevant to determining whether the contract is binding on the parties.  *Id.* (citing *In re Bunzi USA, Inc.*, 155 S.W.3d 202, 209 (Tex. App.—El Paso 2004, orig. proceeding)).

Here, appellant asserts that Velasco signed what appellant contends is a Spanish version of the arbitration agreement.  It is undisputed that Velasco did not sign the

English version.  Nevertheless, appellant attached copies of both the English and Spanish versions of the agreement to its motion to compel arbitration and relied on the English version when making arguments to compel arbitration.  At the hearing on the motion to compel arbitration, appellant's counsel noted:  "The English version, if you read it, Your Honor, even says in the severability clause, it says, 'This Arbitration Agreement has been translated into Spanish.  In the event of conflict or apparent conflict between the Spanish version and this version, this version will govern.'"  Indeed, the English version of the agreement does provide the aforementioned statements referenced by appellant's counsel.  Additionally, when this dispute arose during the hearing, the trial court mentioned:  "I don't have any reason to doubt that the English version is the same as the Spanish version . . . ."

Nevertheless, on appeal, Velasco argues that appellant cannot rely on the English version because it has not "been purported to be a translation of the Spanish document that was presented in the trial court, much less a certified translation as required by the Texas Rules of Civil Evidence . . . ."  In making this argument, Velasco relies heavily on Texas Rules of Evidence 902(3) and 1009.  *See* TEX. R. EVID. 902(3), 1009.

We are not persuaded by Velasco's reliance on Rule 902(3), as that rule pertains to the self-authentication of a foreign public document, which is a "document that purports to be signed or attested by a person who is authorized by a foreign country's law to do

so." *Id.* at R. 902(3).  The document at issue here is not of the type referenced by Rule 902(3).

On the other hand, Rule 1009 does address the type of document involved in this case—the translation of a foreign-language document.  *See id.* at R. 1009.  Specifically, with regard to the admissibility of a translation of a foreign-language document, a party must, at least forty-five days before trial, serve on all parties:  (1) "the translation and the underlying foreign language document"; and (2) "a qualified translator's affidavit or unsworn declaration that sets forth the translator's qualifications and certifies that the translation is accurate."  The record does not reflect that appellant served on all parties, at least forty-five days before trial, a translation and the underlying foreign-language document, as well as a qualified translator's affidavit or unsworn declaration.  As such, we cannot say that appellant satisfied the requirements of Rule 1009.  *See id.*  And because appellant failed to satisfy the requirements of Rule 1009, we cannot say that the purported English version of the arbitration agreement was properly before the trial court.  *See id.*; *see also Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998) (noting that a ruling on the admissibility of evidence will be affirmed on appeal if there is any legitimate basis in the record to support it).

However, despite the foregoing, appellant complains that Velasco waived his complaint about the usage of the English version of the arbitration agreement by appellant as a translation of the Spanish agreement that Velasco purportedly signed.

Rule 1009 specifically addresses objections to foreign-language documents. In particular, Rule 1009(b) provides that: "When objecting to a translation's accuracy, a party should specifically indicate its inaccuracies and offer an accurate translation. A party must serve the objection on all parties at least 15 days before trial." *Id.* at R. 1009(b). Moreover, Rule 1009(c) states that:

> If the underlying foreign language document is otherwise admissible, the court must admit—and may not allow a party to attack the accuracy of—a translation submitted under subdivision (a) unless the party:
>
> (1) Submitted a conflicting translation under subdivision (a); or
>
> (2) Objected to the translation under subdivision (b).

*Id.* at R. 1009(c). Implicit in subsections (b) and (c) of Rule 1009 is that the opposing party provided the necessary documentation outlined in subsection (a). *See id.* at R. 1009.

As noted above, appellant did not comply with the requirements of Rule 1009 to serve on all parties, at least forty-five days before trial, a translation and the underlying foreign-language document, as well as a qualified translator's affidavit or unsworn declaration. And because appellant did not serve a proper translation of the purported Spanish version of the signed arbitration agreement, there was nothing for Velasco to object to under Rule 1009(b), though he objected to the admissibility of the relevant documents anyway.[2] *See id.* at R. 1009(b). Accordingly, we are not persuaded by appellant's waiver contention.

---

[2] Velasco specifically objected that:

Therefore, based on the foregoing, we conclude that the trial court did not abuse its discretion by denying appellant's motion to compel and stay litigation proceedings because the effect of appellant's failure to comply with Rule 1009 was that appellant failed to establish the existence of a valid, enforceable arbitration agreement. *See id.*; *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737; *Enter. Field Servs., LLC*, 405 S.W.3d at 773; *In re Jebbia*, 26 S.W.3d at 756-57. Accordingly, we overrule appellant's first ten issues, as they presuppose the existence of a valid, enforceable arbitration agreement. *See* TEX. R. APP. P. 47.1.

Next, we address appellant's eleventh issue, which asserts that the trial court abused its discretion by denying appellant's motion to compel arbitration and stay litigation proceedings *with prejudice*. The entirety of appellant's argument in this issue is as follows:

> The Order signed by the Trial Court denied Appellants' Motion with prejudice. Appellants argue there is no statute or caselaw that permits the Trial Court to deny a Motion to Compel Arbitration with prejudice. The FAA provides no legal basis and Appellants argue no caselaw permits this as well. See 9 U.S.C. §§ 1-16. Appellants argue the Trial Court committed error and abused its discretion by denying the Motion with prejudice.

Notwithstanding the fact that this issue is arguably inadequately briefed, *see* TEX. R. APP. P. 38.1(i), the Fifth Circuit Court of Appeals has stated that: "If the trial court determines

---

And they haven't proved that the Spanish version that they allege that my client signed, which hasn't been proven yet, is a legally sufficient translation into English and, therefore, the English version—They need to bring someone to do that, Judge. It's their burden of proof with respect to that issue.

that there is no contractual relationship between the parties requiring arbitration of a dispute between them, or that no dispute between them falls within the scope of an arbitration agreement by which they are mutually bound, the court must deny the motion to compel arbitration *with prejudice*." *ASW Allstate Painting & Constr. Co. v. Lexington Ins. Co.*, 188 F.3d 307, 311 (5th Cir. 1999) (emphasis added). In light of the foregoing, we cannot say that the trial court abused its discretion by denying appellant's motion to compel and stay litigation proceedings with prejudice. We overrule appellant's eleventh issue.

## IV. CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed December 20, 2017
[CV06]

