ATTORNEY GENERAL OF TEXAS, Motor Vehicle Division of the Texas Department of Transportation, Jaime Esparza in His Official Capacity as District Attorney for El Paso County and Jose Rodriguez in his Official Capacity as County Attorney for El Paso County, Appellants,

v.

EL PASO INDEPENDENT AUTOMOBILE DEALERS ASSOCIATION, INC., Appellee.

No. 08–98–00022–CV.

Court of Appeals of Texas, El Paso.

April 2, 1998.

Before LARSEN, McCLURE and CHEW, JJ.

### OPINION ON MOTION TO DISMISS

PER CURIAM.

Appellee El Paso Independent Automobile Dealers Association, Inc. (EPIADA) originally filed suit against the El Paso District, City, and County Attorneys seeking to enjoin their enforcement of TEX. TRANSP. CODE ANN. §§ 728.001 through 728.004, which make it illegal to sell cars on consecutive weekend days,[1] and to have those statutes declared unconstitutional. EPIADA served a copy of its petition on the Texas Attorney General in accordance with TEX. CIV. PRAC. & REM.CODE ANN. § 37.006, but the Attorney General declined to participate in the proceeding. At trial, in which the El Paso City Attorney, County Attorney, and District Attorney participated as defendants, EPIADA successfully obtained a judgment declaring the statutes unconstitutional and enjoining their enforcement. After unsuccessfully attempting to intervene in the lawsuit after judgment, the Attorney General and the Motor Vehicle Di-

---

1. *See* TEX. TRANSP. CODE ANN. §§ 728.001 through 728.004 (Vernon Pamph.1998).

vision of the Texas Department of Transportation ("Motor Vehicle Division" or the "Division") perfected their appeals. EPIADA has filed a motion to dismiss the Attorney General and the Motor Vehicle Division alleging that since they were not parties of record in the underlying lawsuit, they have no right to appeal the judgment. For the following reasons, we agree and dismiss the Attorney General and the Division from the pending appeal.

 Generally, only parties of record may exercise a right of appeal.[2] It is undisputed that the Attorney General and the Motor Vehicle Division were not parties to the underlying suit. They argue, however, that under the doctrine of virtual representation, they are entitled to participate on appeal. A party who did not participate at the trial court and who wishes to participate in the appeal may do so if the party's interests are identical to those of the party or parties who did participate.[3] As Justice Kilgarlin wrote in his concurring opinion in *Continental Casualty Company v. Huizar,*[4] the doctrine of virtual representation is applicable when the following criteria are met:

1. The party attempting to appeal is bound by the judgment.

2. The party's privity of estate, title or interest appears from the record of the cause in the trial court.

3. There is an identity of interest between the party attempting to appeal and a party to the judgment.[5]

The record reflects that the Attorney General, and arguably the Motor Vehicle Division, meet each of the requirements. The judgment and injunction in this case provides,

All officials authorized by TEX. TRANS. CODE § 728.004 to enforce TEX. TRANS. CODE §§ 728.001 through 728.004 are here-

by permanently enjoined from enforcing the provisions of TEX. TRANS. CODE §§ 728.001 through 728.004 unless the Texas Supreme Court shall subsequently rule that the statutes are constitutional.

Section 728.004 charges the Attorney General, along with the District, County, and City Attorneys of a given county, with enforcement of Sections 728.001 through 728.004.[6] Accordingly, the Attorney General is bound by the judgment. The judgment also declares Sections 728.001 through 728.004 unconstitutional. Since the Motor Vehicle Commission Code authorizes the Motor Vehicle Division to deny, revoke, or suspend the license of any person who violates any law relating to the sale or distribution of motor vehicles,[7] the Division also arguably is bound under the judgment from enforcing its authority on the basis of Section 728.001 through 728.004, sections which relate to the sale and distribution of motor vehicles. These same statutes display the privity and identity of interest between the parties to the suit and the Attorney General and Motor Vehicle Division. Both the Attorney General and the Motor Vehicle Division, like the El Paso District, County, and City Attorneys, have a duty to enforce the challenged sections. In fact, the Attorney General derives enforcement power from the very same statute giving enforcement powers to the parties who participated in this case.[8] Accordingly, it appears that the Attorney General and the Motor Vehicle Division would be entitled to maintain their appeal under the doctrine of virtual representation.

 Nevertheless, we find that the right to appeal pursuant to the doctrine may be waived. For example, the Texas Supreme Court found that the non-party insurer of the named defendant in *Continental Casualty*

2. *Gunn v. Cavanaugh,* 391 S.W.2d 723, 724 (Tex. 1965).

3. *See Stroud v. Stroud,* 733 S.W.2d 619, 621 (Tex.App.—Dallas 1987, no writ).

4. 740 S.W.2d 429 (Tex.1987).

5. *Continental Casualty Co. v. Huizar,* 740 S.W.2d 429, 432 (Tex.1987) (Kilgarlin, J., concurring).

6. TEX. TRANSP. CODE ANN. § 728.004(a) (Vernon Pamph.1998).

7. TEX. CIV. STAT. ANN. art. 4413(36), § 4.06(a)(6) (Vernon Supp.1998).

8. TEX. TRANSP. CODE ANN. § 728.004(a) ("The attorney general or a district, county, or municipal attorney may enforce this subchapter and may bring an action in the county in which a violation is alleged.").

*Company*had waived any appellate remedy by paying policy limits on the claim involved in the lawsuit.[9] Similarly, the Attorney General specifically declined to participate in this case. In its letter notice declining participation, the Attorney General indicated that the real parties in interest were capable of adequately presenting the issues to the court. The Attorney General now contends that the real parties in interest failed to adequately present issues to the court. Just as the insurance company in *Continental Casualty Company*could not contend on appeal that it was not liable for payment it had voluntarily made prior to appeal, we do not find in this case that the Attorney General, through the Motor Vehicle Division or otherwise, should be allowed to take up a representation it voluntarily declined prior to appeal. Accordingly, we grant EPIADA's motion to dismiss the Attorney General and the Motor Vehicle Division as parties to the pending appeal.

---

9. *See Continental Casualty Co.,* 740 S.W.2d at 430.