MOTOR VEHICLE BOARD OF THE
TEXAS DEPARTMENT OF TRANS-
PORTATION, Petitioner,

v.

EL PASO INDEPENDENT AUTO-
MOBILE DEALERS ASSOCI-
ATION, INC., Respondent.

No. 98–0514.

Supreme Court of Texas.

Aug. 26, 1999.

Toni Hunter, Linda B. Secord, Douglas Fraser, John Cornyn, Andy Taylor, David A. Talbot, Jr., Karen Watson Kornell, Austin, for Petitioner.

Thomas F. Keever, Corey W. Haugland, Don W. Minton, Jose R. Rodriguez, El Paso, for Respondent.

PER CURIAM.

In this case, we consider whether the Texas Department of Transportation's Motor Vehicle Board ("the Board") waived its right to appeal a trial court judgment holding Texas Transportation Code sections 728.001 through 728.004 unconstitutional and enjoining the enforcement of those

provisions. We hold that the Board did not waive its right to appeal. Accordingly, we reverse the court of appeals' judgment dismissing the Board's appeal and remand the case to that court to address the merits of the trial court's decision.

Sections 728.001 through 728.004 of the Transportation Code—commonly known as the "Blue Law"—make it illegal to sell cars on consecutive weekend days. TEX. TRANSP. CODE §§ 728.001–728.004. The El Paso Independent Automobile Dealers Association ("EPIADA"), an association of used car dealers, filed suit against the El Paso District, City, and County Attorneys ("Local Officials"), seeking to enjoin them from enforcing the Blue Law and to have the law declared unconstitutional. Although the suit named neither the Attorney General nor its client-agency, the Board, as defendants, EPIADA served a copy of its petition on the Attorney General, as required by law. See TEX. CIV. PRAC. & REM.CODE § 37.006(b) ("[I]f the statute ... is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding...."). By letter dated October 24, 1997, the Attorney General declined to participate in the case at trial.

The Local Officials filed a general denial on November 17, 1997, but upon researching their defense, came to believe that the Blue Law was, in fact, unconstitutional. Without notifying the Attorney General, the Local Officials negotiated a pretrial agreement with EPIADA for findings of fact and conclusions of law consistent with their view of the Blue Law's unconstitutionality. On December 23, 1997, following an evidentiary hearing, the trial court rendered judgment declaring the Blue Law unconstitutional, and permanently enjoined "all officials" authorized under the Transportation Code from enforcing its provisions.

The Attorney General and the Board filed post-judgment motions in an attempt to intervene; these motions were denied by the trial court. The Local Officials appealed, despite their belief in the Blue Law's unconstitutionality, in an effort to preserve an avenue for the Attorney General and the Board to perfect an appeal. EPIADA moved to dismiss the Attorney General and the Board on the grounds that they were not parties to the original suit. The court of appeals held that the Attorney General and the Board had the right to appeal under the doctrine of virtual representation, but concluded that the Attorney General had waived this right by its October 24, 1997 letter. *Attorney General of Texas v. El Paso Independent Automobile Dealers Ass., Inc.* 966 S.W.2d 783, 785–86 (Tex.App.—El Paso 1998). On May 21, 1998, after the court of appeals issued its opinion dismissing the appeal by the Board and the Attorney General, the Local Officials voluntarily dismissed their appeal.

■ Generally, appeal is available only to parties of record. However, an exception exists when the appellant is deemed to be a party under the doctrine of virtual representation. *See, e.g., Gunn v. Cavanaugh,* 391 S.W.2d 723, 725 (Tex. 1965); *Jernigan v. Jernigan,* 677 S.W.2d 137, 140 (Tex.App.—Dallas 1984, no writ). To claim virtual representation, an appellant must show that: (1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment. *See Continental Cas. Co. v. Huizar,* 740 S.W.2d 429, 432 (Tex.1987) (Kilgarlin, J., concurring). The court of appeals concluded that the Attorney General and the Board satisfied this test, but nevertheless held that the Attorney General and the Board waived their right to appeal pursuant to the doctrine. 966 S.W.2d at 785–86.

■ Although we agree that the doctrine of virtual representation applies, we disagree with the court of appeals' holding that the Board's right to appeal was waived by the Attorney General's letter declining to participate in the trial court

proceedings. The law on waiver is well established. "A party's express renunciation of a known right can establish waiver. Silence or inaction, for so long a period as to show an intention to yield the known right, is also enough to prove waiver." *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex.1996) (citation omitted). Waiver is largely a matter of intent; thus, for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996) (applying to waiver of arbitration rights). Although waiver is ordinarily a question of fact, when the facts and circumstances are admitted or clearly established, the question becomes one of law. *Tenneco*, 925 S.W.2d at 643. Here, the facts are undisputed: The waiver argument rests squarely on the substance of the Attorney General's letter.

After conversations with the Local Officials, the Attorney General issued the letter, stating:

> Even though the constitutionality of a state statute is involved in this cause, the Attorney General believes that the [Local Officials] can adequately present the issues to the court. For this reason, the Attorney General respectfully declines to participate in this case.

In accordance with the Attorney General's stated belief, the Local Officials filed a general denial to EPIADA's claims on November 17, 1997. But the Local Officials reversed course and elected not to defend the statute without informing the Attorney General until after the trial court entered judgment.

The letter demonstrates the Attorney General's belief that the Local Officials would mount a defense to the Blue Law's constitutionality. Nothing about the letter indicates an intention to "expressly renounce" or otherwise yield any right the Attorney General had to have the case fully defended or subsequently appealed. It cannot be presumed that the Attorney General or the Board forfeited any right to appeal the agreed judgment, of which they were not made aware until judgment was entered.

EPIADA relies on our decision in *Continental Casualty*, 740 S.W.2d at 430, to argue that the Attorney General waived its right to appeal, and thus the Board's right, by electing to let others decide the fate of the Blue Law. This reliance is misplaced. In *Continental Casualty*, the nonparty insurer waived its right to appeal a judgment against its insured by paying an amount equal to policy limits on the litigated claim. *Id.* at 430. This affirmative act directly contravened rights the insurer subsequently wished to claim on appeal. In contrast, the Attorney General's letter did not surrender any argument as to the Blue Law's constitutionality. Rather, as stated, the letter was based on a belief that the statute would be defended by the Local Officials statutorily charged with its enforcement. Thus, there was no express renunciation or voluntary relinquishment of a known right. Therefore, we reverse the court of appeals' judgment that the Attorney General's letter declining to participate in the trial court proceedings waived the right of the Attorney General and the Board to appeal under the virtual representation doctrine.

■ EPIADA also challenges the Board's standing to bring this petition for review because the appeal was filed in the name of the Motor Vehicle *Division* rather than the Motor Vehicle Board. At most, this presents a case of misnomer that does not affect the Board's standing. Our policy has been to construe the Rules of Appellate Procedure liberally, so that decisions turn on substance rather than procedural technicality. *See City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex.1992); *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121 (Tex. 1991). In *Rodriguez*, we cited with approval a case factually similar to this one. *See El Paso Cent. Appraisal Dist. v. Montrose Partners*, 754 S.W.2d 797, 799

**112**

(Tex.App.—El Paso 1988, writ denied). There, the chief appraiser who filed the appeal was not a named party to the case, although his interests were so intertwined with the party-appellant's as to "essentially produce an alter ego relationship." *Montrose Partners,* 754 S.W.2d at 799. Because no confusion or disadvantage arose, the court held that the appeal was valid, and "should not be defeated on a technical construction of the rules." *Id.* This case is analogous. Although the Board and the Motor Vehicle Division are not technically the same,[1] their interests are virtually identical under the Motor Vehicle Commission Code. Tex.Rev.Civ. Stat. Ann. art. 4413(36) (Vernon Supp.1999). Moreover, EPIADA points to no confusion wrought by the Board's petition, nor is any apparent from the record.

■ EPIADA's argument that the Board failed to preserve error is also without merit. The post-trial motions of the Board and the Attorney General were timely filed and stated their grounds for setting aside the judgment and intervening, and a ruling was obtained when these motions were denied by the trial court. *See* Tex.R.App. P. 33.1(a). Contrary to EPIADA's contention, no formal bill of exception was required because the trial court's alleged error appears in the record. *See* Tex.R.App. P. 33.2.

■ Finally, EPIADA argues that the Local Officials' voluntary dismissal of their appeal renders the Board's appeal moot. The Local Officials initially appealed the trial court's judgment to preserve an avenue of appeal by the Attorney General, and they were parties to the appeal with the Board and the Attorney General. But after the court of appeals dismissed the Board and the Attorney General, the Local

Officials dropped their appeal. The Local Officials' voluntary dismissal, however, does not affect the ability of the Board to appeal under the doctrine of virtual representation. This doctrine does not require that the named defendants perfect an appeal; their subsequent voluntary dismissal is irrelevant.

Accordingly, pursuant to Texas Rule of Appellate Procedure 59.1 and without hearing oral argument, we reverse that portion of the court of appeals' judgment dismissing the Motor Vehicle Board's appeal and remand the case to the court of appeals so that the decision of the trial court may be reviewed on its merits.

---

1. Both the Board and the Division refer to the former Texas Motor Vehicle Commission, which was incorporated into the Texas Department of Transportation in 1991. *See* Act of Aug. 9, 1991, 72nd Leg., 1st C.S., ch. 7, §§ 1A.01–1A.08, 1991 Tex. Gen. Laws 226, 237–39. Confusion in nomenclature arose with the incorporation and continues to per-

sist (*e.g.,* the Motor Vehicle Commission Code establishes a Director of the Motor Vehicle *Board,* but provides for judicial review of actions by the Director of the Motor Vehicle *Division;* both refer to the same person. Tex. Rev.Civ. Stat. Ann. art. 4413(36), §§ 1.03(10) and 7.01(b) (Vernon Supp.1999)).