# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00212-CV

**John Rady, Appellant**

**v.**

**GMAC Mortgage Corporation, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY, NO. C-1-CV-11-008666, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant John Rady appeals pro se from a judgment of possession in favor of appellee GMAC Mortgage Corporation (GMAC). Because we conclude that Rady does not have standing, we dismiss his appeal for lack of jurisdiction.

GMAC filed an original petition for forcible detainer on July 11, 2011, against Travis and Shadrian Turner in justice court concerning real property located in Round Rock, Texas. *See* Tex. Prop. Code Ann. §§ 24.002–.011 (West 2000 & Supp. 2012); Tex. R. Civ. P. 739–755. GMAC sought eviction and demanded possession of the property. GMAC alleged that it had acquired title to the property at an April 5, 2011, foreclosure sale.

On July 21, 2011, Rady filed a petition in intervention, asserting an interest in the property based upon an "Assignment/Transfer of Rights" by the Turners to Rady concerning the property on April 15, 2011. *See* Tex. R. Civ. P. 60 ("Any party may intervene by filing a pleading,

subject to being stricken out by the court for sufficient cause on the motion of any party."). By written order, the justice court denied Rady's petition in intervention on August 2, 2011. The justice court also entered a judgment for possession in favor of GMAC on August 2, 2011. The Turners and Rady, as intervenor, then filed separate notices of appeal to the county court challenging the judgment.[1] *See* Tex. R. Civ. P. 749 (setting forth requirements to appeal from justice court to county court). In his notice of appeal, Rady also challenged the justice court's dismissal of his petition in intervention.

The county court held a hearing on the appeals in March 2012. The Turners did not appear at the hearing. Rady appeared and presented evidence and argument challenging GMAC's right to possession. Rady also represented to the court that he was an intervenor and testified about the Turners' assignment to him. After the hearing, the county court issued a judgment of possession in favor of GMAC against the Turners. Rady was not a party to the judgment. The county court also did not address the justice court's order denying the petition in intervention.

Rady then filed a notice of appeal with this Court. Rady's issues challenge the county court's judgment, but Rady does not raise issue as to the county court's lack of a ruling concerning the justice court's denial of his petition in intervention. *See* Tex. R. App. P. 33.1 (to preserve error, complaint must be made to trial court and ruled on). "Generally, only parties of record may appeal a trial court's judgment." *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006). Because Rady was not a party at the time that the final judgment was entered by the county court,

---

[1] The Turners' notice of appeal is titled "Defendant's Notice of Appeal and Affidavit of Inability to File Appeal Bond."

he does not have standing to pursue this appeal. *See id.*[2] Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed: February 1, 2013

---

[2] An exception to the general rule that only parties may appeal "exists when the appellant is deemed to be a party under the virtual representation doctrine." *Motor Vehicle Bd. of the Tex. Dept. of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 110 (Tex. 1999). "To claim virtual representation, an appellant must show that: (1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment." *Id.* Rady, however, has not raised the virtual representation doctrine to support his standing to appeal the county court's judgment. Thus, we do not consider it. *See* Tex. R. App. P. 33.1, 38.1(f), (i); *Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."); *Secure Comm, Inc. v. Anderson*, 31 S.W.3d 428, 430–31 (Tex. App.—Austin 2000, no pet.) (appellant waives right to complain of trial court ruling when appellant fails to assign error to the ruling).