COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

| | |
|---|---|
| Appellate case names: | Larry Adkins, Personal Representative of the Estate of Newbern Brown Adkins, et al. v. Lincoln Electric Co., et al.; Dorothy Wilson, as Personal Representative of the Estate of Arlie Richard Able, et al. v. Lincoln Electric Co., et al. |
| Appellate case numbers: | 01-18-01064-CV & 01-18-01071-CV |
| Trial court case numbers: | 2017-67350-A & 2017-67246-A |
| Trial court: | 11th District Court of Harris County |

On March 7, 2019, appellants in the first case, 01-18-01064-CV, Larry Adkins, Personal Representative of the Estate of Newbern Brown Adkins, et al. ("Adkins Appellants"), and the appellants in the second case, 01-18-01071-CV, Dorothy Wilson, as Personal Representative of the Estate of Arlie Richard Able, et al. ("Wilson Appellants"), filed a "Motion to Strike Notice of Appearance of Counsel for Nationwide Mutual Insurance Company." Appellants contend that the notices of appearance filed by Nationwide Mutual should be stricken because, although it claimed an interest based on its affiliation with Nationwide Indemnity, the Nationwide entity named in the petitions, Nationwide Mutual was not a defendant and did not intervene in the severed cases below.

On March 14, 2019, Nationwide Mutual filed responses in opposition and motions to intervene as an appellee under the equitable virtual-representation doctrine in both cases. *See Motor Vehicle Bd. of Tex. Dept. of Transp. v. El Paso Indep. Auto. Dealers*, 1 S.W.3d 108, 110 (Tex. 1999). On March 18, 2019, appellants filed a response in opposition, contending that the virtual-representation doctrine only applies to prospective appellants, not prospective appellees. *See State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015).

Accordingly, because Nationwide Indemnity is not a defendant in the severed cases on appeal, Nationwide Mutual did not intervene in the trial court, and the virtual-representation doctrine only applies to prospective appellants, not prospective appellees, the Court **DENIES** Nationwide Mutual's motions to intervene as appellee and **GRANTS** the appellants' motions to strike in both cases. *See Naylor*, 466 S.W.3d at 787.

It is so ORDERED.

Judge's signature: ____/s/ Evelyn V. Keyes_____

              x  Acting individually    ☐  Acting for the Court

Date: ____April 9, 2019_____