

# NUMBER 13-20-00504-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GLENN J. DEADMAN,                                                        Appellant,

v.

MICHAEL TRACY AND ANNICE TRACY,                          Appellees.

## On appeal from the 36th District Court
## of Aransas County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva

Appellant attorney Glenn J. Deadman attempts to appeal the trial court's assessment of sanctions and attorney's fees against him in favor of appellees Michael Tracy and Annice Tracy.[1] We dismiss the appeal for want of jurisdiction.

---

[1] Appellant represented the defendants, Farr Builders, LLC and Adrian Garcia, in the underlying suit against the appellees-plaintiffs. Appellant pursues this appeal on behalf of himself; Farr Builders, LLC

"Texas law greatly favors resolving litigation on the merits rather than on procedural technicalities." *Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022). However, "the lack of a timely notice of appeal is the most fundamental procedural error that *can* lead to a total loss—and that is because the absence of a timely notice of appeal prevents the appellate court from ever exercising jurisdiction in the first place." *Id.* Absent jurisdiction, we are "powerless to entertain an appeal, no matter how grave the error." *Id.* at 260–61. Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless an appropriate post-judgment motion is timely filed. TEX. R. APP. P. 26.1(a); *In re R.R.K.*, 590 S.W.3d 535, 539 (Tex. 2019) ("A party seeking to appeal must file a notice of appeal within 30 days of the final order, absent an appropriate post-judgment motion."). Rule 26.3 provides a fifteen-day grace period where a party files a motion for extension of time to file notice of appeal. TEX. R. APP. P. 26.3(b). While the rules of civil procedure afford recourse for an affected party who does not receive timely notice of an appealable order, the appellate deadline may only be extended in circumstances where the affected party receives notice within twenty to ninety days after the appealable order was signed. *See* TEX. R. CIV. P. 306a(4), (5); TEX. R. APP. P. 4.2(a)(1); *see also In re Whataburger*

---

and Adrian Garcia are not parties to this appeal. *See State v. Naylor*, 466 S.W.3d 783, 789 (Tex. 2015) (observing that "a third party may file an appeal where the prospective appellant" is able to establish that "(1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment" (quoting *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 110 (Tex. 1999) (per curiam))); *see also Sluder v. Ogden*, No. 03-10-00280-CV, 2011 WL 116058, at *2 (Tex. App.—Austin Jan. 13, 2011, pet. denied) (mem. op.) ("Sluder's attorney has standing to appeal the trial court's imposition of sanctions against him."); *Niera v. Frost Nat. Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *2 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.) ("As the injured party, the attorney had standing to complain about the trial court's imposition of sanctions.").

*Restaurants LLC*, 645 S.W.3d 188, 193 (Tex. 2022) (orig. proceeding); *Krussow v. Garcia*, No. 13-20-00179-CV, 2020 WL 7253395, at \*2 (Tex. App.—Corpus Christi–Edinburg Dec. 10, 2020, pet. denied) (mem. op.) ("To obtain an extension of post[]judgment deadlines under Rule 306a(4), the party must prove in the trial court, on sworn motion and notice: (1) the date the party or her attorney first either received a notice of the judgment or acquired actual knowledge of the signing; and (2) that this date was more than twenty but fewer than ninety-one days after the judgment was signed.").

It is undisputed that the trial court signed the final judgment on September 30, 2020. No motion for new trial or other appropriate post-judgment motion was filed. Appellant filed a notice of appeal and notice of extension of time on November 20, 2020, wherein he stated he "did not receive notice of the final order until October 7, 2020." Appellant maintained that his notice of appeal was due November 23, 2020. Pursuant to Rule 26.1, however, appellant's notice of appeal was due on October 30, 2020, thirty days after the judgment was signed, or no later than November 16, 2020, in consideration of the fifteen-day grace period under Rule 26.3.[2] *See* TEX. R. APP. P. 26.1, 26.3. Although appellant's notice of appeal states that he did not receive notice of the judgment until October 7, 2020, such date is *within* twenty days of the date the judgment was signed. Rule 306a(4) is thus inapplicable, and the trial court's signing date—not the date appellant received notice—controls our appellate timeline. *See In re Whataburger Restaurants*, 645 S.W.3d at 193; *see also Candela Org., L.L.C. v. Eon Indus., L.L.C.*, No. 13-17-00458-CV,

---

[2] In calculating an appellant's deadline for filing a notice of appeal, we exclude weekends and legal holidays. *See* TEX. R. APP. P. 4.1 (computing time).

2017 WL 3769180, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2017, no pet.) (mem. op.) (concluding the period for filing an appeal must run from the date the appealable order was signed and not from date appellant received notice of the appealable order because appellant received notice within twenty days of the trial court's signing date); *Gonzalez v. S. Tex. Veterinary Assocs., Inc.*, No. 13-16-00524-CV, 2016 WL 8202717, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 21, 2016, no pet.) (mem. op.) (same). Therefore, appellant's November 20, 2020 notice of appeal was untimely.[3]

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
4th day of August, 2022.

---

[3] On November 20, 2020, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. *See* TEX. R. APP. P. 37.1, 42.3(a), (c). In a response to this Court, appellant reiterated his belief that his notice of appeal was due on November 6, 2020, thirty days from when he received notice of the order on October 7, 2020, and in consideration of his request for extension, his November 20, 2020 notice was timely. Appellant also cited to "health issues which resulted in the delay in filing the notice." Appellant's request for extension of time to file his notice of appeal was granted on January 19, 2021.

On July 8, 2022, after fully reviewing the clerk's record and performing additional research, this Court issued an order notifying the parties that it had improvidently granted appellant's motion for extension of time to file the notice of appeal. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018) ("[W]e must consider issues affecting our jurisdiction sua sponte."); *see also* TEX. R. APP. P. 4.2, 26.1, 26.3. The Court withdrew and struck its ruling and notice granting the extension. The Court additionally provided appellant another opportunity to cure the defect and advised appellant that the appeal would be dismissed if the defect was not corrected within fifteen days from the issuance of its order. *See id.* R. 26.1, 26.3, 37.1, 42.3(a), (c). Appellant responded to the Court's directive but was unable to correct the defect.