ACCEPTED
15-24-00114-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/24/2025 1:51 PM
CHRISTOPHER A. PRINE
CLERK

# No. 15-24-00114-CV

IN THE FIFTEENTH COURT OF APPEALS

AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/24/2025 1:51:10 PM
CHRISTOPHER A. PRINE
Clerk

Cecile E. Young, in her official capacity as Executive Commissioner of Texas Health & Human Services Commission, Molina Healthcare of Texas, Inc., and Aetna Better Health of Texas, Inc.

*Appellants,*

v.

Cook Children's Health Plan, Texas Children's Health Plan, Superior HealthPlan, Inc., and Wellpoint Insurance Company,

*Appellees.*

---

Appeal from 455th Judicial District Court, Travis County, Texas,
Trial Court Cause No. D-1-GN-24-003839,
Hon. Laurie Eiserloh, Presiding

---

## AETNA BETTER HEALTH OF TEXAS INC.'S
## RESPONSE TO JOINT MOTION TO DISMISS ITS APPEAL

---

TAFT STETTINIUS & HOLLISTER LLP
Marc J. Kessler
Admitted Pro Hac Vice
41 South High Street, Suite 1800
Columbus, Ohio 43215-6106
(614) 220-0237

EWELL, BROWN, BLANKE & KNIGHT LLP
Joseph R. Knight
State Bar No. 11601275
111 Congress Ave., Suite 2800
Austin, Texas 78701
(512) 770-4010

*Attorneys for Aetna Better Health of Texas, Inc.*

# Table of Contents

Table of Contents .................................................................................................. i

Table of Authorities ............................................................................................. ii

Introduction and Summary ................................................................................ 1

Argument ............................................................................................................... 3

    I.       Aetna is a proper party under the doctrine of virtual representation. ........................................................................................ 3

          A.     Aetna is bound by the trial court's order. ......................... 4

          B.     Aetna and the Commissioner share an undeniable identity of interest. ............................................................ 6

          C.     Movants' "equity" arguments are without merit. ........... 9

    II.     Aetna is a proper party as an intervenor in the trial court with a justiciable interest in reversing the temporary injunction. ......................................................................................... 14

          A.     Aetna has standing because the injunction directly binds Aetna and harms it. ................................................ 15

          B.     Filing a petition in intervention is not a "proceeding" under section 51.014(b). ........................... 16

    III.    The Court should reject Movants' request for further delay. ........................................................................................... 19

Prayer .................................................................................................................... 20

Certificate of Service .......................................................................................... 21

# Table of Authorities

## Cases

*Am. Pearl Grp., L.L.C. v. Nat'l Payment Sys., L.L.C.*,
No. 24-0759, 2025 WL 1478179 (Tex. May 23, 2025) ........................................18

*Chambers-Liberty Counties Navig. Dist. v. State*,
575 S.W.3d 339 (Tex. 2019) ...............................................................................12

*City of San Benito v. Rio Grande Valley Gas Co.*,
109 S.W.3d 750 (Tex. 2003) ..................................................................................9

*Ctr. Rose Partners, Ltd. v. Bailey*,
587 S.W.3d 514 (Tex. App.—Houston [14th Dist.] 2019, no pet.) .......................14

*Elec. Reliability Council of Tex., Inc. v. CPS Energy*,
648 S.W.3d 520 (Tex. App.—San Antonio 2021, pet. denied) ...........................15

*Garza v. Fliedner*,
No. 05-15-01067-CV, 2016 WL 7438756 (Tex. App.–Dallas Dec. 27, 2016,
pet. denied) ..........................................................................................................10

*In re Lumbermens Mut. Cas. Co.*,
184 S.W.3d 718 (Tex. 2006) ...................................................................... 3, 8, 9

*Jones v. Springs Ranch Co.*,
642 S.W.2d 551 (Tex. App.—Amarillo 1982, no pet.)........................................14

*Motor Vehicle Bd. of Tex. v. El Paso Indep. Auto. Dealers Ass'n*,
1 S.W.3d 108 (Tex. 1999) .......................................................................... 3, 9, 10

*State v. Naylor*,
466 S.W.3d 783 (Tex. 2015) ................................................................................10

*Tex. Quarter Horse Ass'n v. Am. Legion Dep't of Tex.*,
496 S.W.3d 175 (Tex. App.—Austin 2016, no pet.)............................................15

## Statutes

Tex. Civ. Prac. & Rem. Code § 51.014(b)................................................ 16, 17, 18

**Rules**

Tex. R. App. P. 38.6.................................................................................19

Tex. R. App. P. 40.1.................................................................................19

Tex. R. Civ. P. 60....................................................................................14

Tex. R. Civ. P. 683...................................................................................5

## Introduction and Summary

Aetna Better Health of Texas, Inc. ("Aetna") is a proper party to this appeal for two independent and legally sound reasons. First, Aetna qualifies for party status under the well-established doctrine of virtual representation. Second, Aetna formally intervened in the trial court by filing a Plea in Intervention, which no party challenged or moved to strike. CR5976. Either ground alone is sufficient to establish Aetna's right to appeal. If the Court agrees with Aetna on either basis, it need not address or consider the other.

The only parties opposing Aetna's participation are its direct competitors—entities that seek to secure for themselves the contracts that the Texas Health & Human Services Commission ("HHSC") intends to award to successful bidders. These parties' attempt to bar Aetna from this appeal is not grounded in law, but in self-interest. Their claim that Aetna is "not bound" by the trial court's injunction is not just wrong—it is nonsensical. The injunction expressly binds not only the Commissioner but also "all other persons or entities in active concert or participation with" her. It prohibits unnamed parties, including Aetna, from "signing, entering into, executing, implementing, or otherwise taking action to effectuate or perform" any contracts related to the procurement. CR5883.

Movants themselves drafted this sweeping injunction, and the trial court adopted it without modification. While they could have limited the order to

restrain only the Commissioner, they deliberately sought—and obtained—an order that binds unnamed parties such as Aetna. The result is clear: Aetna is directly restrained from taking actions it would otherwise be entitled to take. That is the very definition of being bound by a court order, and Aetna could not be more bound by the order if it had been a named party all along.

Movants' motives are inherently transparent. The harms alleged cannot occur through unilateral action by the Commissioner alone. HHSC cannot implement or perform a contract in a vacuum. As even Movants admit, the alleged "seismic shift" in Texas Medicaid would occur only if the contracts are "finalized and implemented"—a process that necessarily involves awardees like Aetna. *See, e.g.*, *Children's Plans' Motion for Temporary Relief at 3*.

Aetna has a direct and substantial interest in challenging the restrictions imposed by the flawed injunction. Its participation will not alter the legal questions before this Court but will ensure that the Court hears from a party whose rights are directly affected. Aetna respectfully submits that its legal perspective will aid the Court in resolving this important appeal and the issues raised herein.

Finally, the Court should deny Movants' attempt to further delay what was intended to be an accelerated appeal. It is troubling enough that this case languished while Movants pursued a months-long, unsuccessful bid to reverse their procurement losses via legislative intervention. Briefing should commence

2

immediately under Texas Rule of Civil Procedure 38.6. Each day that HHSC remains judicially barred from awarding contracts to plans it rigorously determined will best serve Texans is another day Movants—entrenched as holdover plan sponsors—line their pockets at the expense of Texas' Medicaid beneficiaries and the taxpayers who fund their care.

## Argument

### I.    Aetna is a proper party under the doctrine of virtual representation.

Aetna is entitled to participate in this appeal under the doctrine of virtual representation, as articulated by the Texas Supreme Court in *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718 (Tex. 2006). "[A] litigant is deemed to be a party if it will be bound by the judgment, its privity of interest appears from the record, and there is an identity of interest between the litigant and a named party to the judgment." *Id*. at 722 (citing *Motor Vehicle Bd. of Tex. v. El Paso Indep. Auto. Dealers Ass'n*, 1 S.W.3d 108, 110 (Tex. 1999)). When these criteria are met, formal intervention is not required. However, a litigant seeking to invoke virtual representation on appeal must take "timely, appropriate action to attain named-party status." *Id.* Here, Aetna has done exactly that. It filed a Plea in Intervention in the trial court and a notice of appeal asserting party status both as an intervenor and under the virtual-representation doctrine. CR5976; CR5970. These are precisely the kinds of timely and appropriate actions the Supreme Court requires.

3

Movants do not—and cannot—argue that Aetna failed to act. Instead, they challenge whether Aetna satisfies the three criteria for deemed party status and posit that equitable considerations weigh against Aetna's participation. However, these arguments are meritless. As shown below, Aetna is bound by the injunction, its interests are aligned with HHSC's, and its privity of interest is evident from the record. Equity, far from cutting against Aetna, supports its right to be heard in a case that directly affects its legal rights and business interests.

## A. Aetna is bound by the trial court's order.

Movants attempt to manufacture ambiguity where none exists. They claim this appeal involves two separate orders—one denying the Commissioner's plea to the jurisdiction and another granting a temporary injunction. *Joint Motion at 20.* But the record is clear: the trial court issued a single, integrated order. CR5875. That order necessarily addresses both jurisdiction and injunctive relief because the two are inseparable in this context. The court could not have granted injunctive relief without first (erroneously) concluding it had jurisdiction based on an *ultra vires* theory. And critically, the order expressly prohibits Aetna from taking specific actions related to the contracts HHSC intends to award. Aetna is not a bystander—it is a target of the injunction.

Unable to confront the plain language of the Order, Movants pivot to their pleadings, insisting they only asked the court to enjoin the Commissioner. *Joint*

*Motion at 24–25.* But what they asked for is irrelevant. What matters is what the trial court actually ordered. *See* Tex. R. Civ. P. 683 (requiring an injunction to be self-contained and prohibiting "reference to the complaint or other document" to determine the acts restrained). If Movants are now suggesting that the court granted them relief beyond what their pleadings support, that is not a defense—it is a further reason why Aetna should be heard on appeal. The doctrine of virtual representation turns on the effect of the order, not the subjective intent of the parties who drafted it.

Movants' only substantive argument concerning the Order's scope is a red herring. They claim the Commissioner cannot be "in active concert" with Aetna because Texas law requires her to conduct procurements independently. *Joint Motion at 25.* But the Order does not enjoin "conducting the procurement." It enjoins a far broader range of actions—"signing, entering into, executing, implementing, or otherwise taking action to effectuate or perform" the contracts. CR5883. These are precisely the actions Aetna would be taking but for the injunction. The legal fiction that Aetna is not "bound" collapses under the weight of the order's actual language.

Finally, Movants suggest that Aetna is merely "affected" by the injunction, like Medicaid beneficiaries. *Joint Motion at 25–26.* This is a false equivalence. Medicaid beneficiaries are not in contractual privity with HHSC. They are not

5

named awardees. They are not restrained from taking action. Aetna is on all counts. The Order binds Aetna in both form and substance, making Aetna a proper party under the doctrine of virtual representation.

The trial court could have issued a narrower injunction directed solely at the Commissioner. But it did not. It issued a sweeping order that expressly restrains unnamed parties such as Aetna. Its chosen language has legal consequences. Because Aetna is unquestionably bound by the order, it satisfies the first basis for party status in this appeal.

**B.    Aetna and the Commissioner share an undeniable identity of interest.**

Movants concede that the second and third criteria for virtual representation—privity and identity of interest—are analytically intertwined. *Joint Motion at 19.* And rightly so, both are satisfied when the record shows that a named party and the party it virtually represents are pursuing the same legal objective. That is precisely the case here.

The record strongly suggests that the Commissioner intends for HHSC to award seven contracts to Aetna as part of the challenged procurement. RR Vol. 9, PX.95. The HHSC Deputy Commissioner for Procurement denied Movants' administrative protests of the intended awards, and their administrative appeals to Commissioner Young remain pending. The Commissioner's seeming intent to complete Aetna's awards cannot be realized unless the temporary injunction is

6

vacated or superseded. The Commissioner's appeal of the injunction and her opposition to Movants' motions for temporary relief appear to confirm her commitment to moving forward with the execution and implementation of those contracts—including the seven awarded to Aetna. Her testimony underscores this intent: "[A]ssuming the Court will allow me to move forward, I would then finish the appeals process [and] move forward." 6.RR.132, 147. Even Movants predict that "the Commissioner is poised to continue the procurement process, including awarding, signing, and implementing" the contracts. *Children's Plans' Motion for Temporary Relief at 6–7.*

Aetna's interest is seamlessly aligned. It supports the Commissioner's position in this appeal and shares the same goal: removing the injunction that blocks both parties from executing and implementing the contracts HHSC has comprehensively evaluated and ultimately announced. Movants attempt to manufacture a distinction by claiming that Aetna is only interested in vindicating HHSC's notice of intent to award contracts to Aetna, while the Commissioner seeks to defend the entire procurement process. *Joint Motion at 26–27.* But this is a meaningless distinction. The Commissioner can proceed to award contracts to Aetna only if the injunction is lifted, and the injunction will be lifted only if this Court agrees with the Commissioner and Aetna that Movants have failed to demonstrate grounds for temporary relief and/or failed to demonstrate that the

procurement process resulting in Aetna's seven wins was unlawful. The legal and practical interests of Aetna and the Commissioner are identical.

Moreover, the virtual representation doctrine does not require perfect alignment on every *issue*. It requires a shared ultimate objective. In *Lumbermens*, the Supreme Court held that virtual representation applied even though the named party had abandoned one of its arguments, because both parties still sought reversal of the judgment. The Court explained:

> Sonat contends Lumbermens may not invoke the virtual-representation doctrine's benefit because Lumbermens has acknowledged that its interests and Cudd's have diverged, in that Cudd no longer wishes to contest the trial court's choice-of-law decision. ***Lumbermens responds that its and Cudd's ultimate aim—to reverse the underlying judgment—remains the same. We agree with Lumbermens.***

*In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d at 724 (emphasis added). Here, the case for virtual representation is even stronger. Unlike *Lumbermens*, there is no divergence whatsoever between Aetna and the Commissioner. Both seek the same outcome: reversal of the trial court's injunction so that HHSC may proceed with awarding and implementing contracts that it has determined are in the best interest of Texans.

### C. Movants' "equity" arguments are without merit.

Movants appropriately acknowledge that courts may deny party status under the doctrine of virtual representation on equitable grounds. However, their attempt to invoke equity here is both factually hollow and legally flawed.

First, Movants contend that it would be inequitable to afford Aetna party status now because it could have intervened sooner and has "never argued, much less proven, that there was any obstacle to [its] intervening immediately after Appellees filed the present lawsuits." *Joint Motion at 28*. This contention reflects a fundamental misunderstanding of the doctrine. As the Supreme Court has reasoned, a party claiming the benefits of virtual representation need not intervene at all, much less on a timeline dictated by its adversaries. Rather, "one who is virtually represented is already deemed to be a party." *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d at 722.

The doctrine is routinely applied in favor of parties that never intervene in the trial court, including in *Lumbermens* itself, where the Supreme Court granted party status to an insurer that first sought to intervene ten weeks after its insured filed its appellate brief. *Id.*; *see also City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 755-56 (Tex. 2003) (holding that unnamed class members can appeal a class settlement under the doctrine of virtual representation even if they do not intervene in the trial court); *Motor Vehicle Bd. of the Tex. DOT v. El*

9

*Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 110-11 (Tex. 1999) (granting the Attorney General party status on appeal under the doctrine of virtual representation even though it expressly declined to participate in the underlying trial and unsuccessfully attempted to intervene after judgment).

Against this unbroken line of Texas authority, Movants initially cite two out-of-state federal cases that do not even mention the doctrine of virtual representation, much less hold that a "delayed" attempt to intervene constitutes equitable grounds to deny party status under that doctrine. *Joint Motion at 29.* Next, Movants misleadingly quote *State v. Naylor*, 466 S.W.3d 783, 792 (Tex. 2015), suggesting that its analysis of the State's attempt to *intervene* was somehow relevant to the Court's analysis of virtual representation. *Joint Motion at 29-30.* In fact, the Supreme Court's denial of party status to the State under the doctrine of virtual representation had nothing to do with its "delayed" attempt to intervene below. Rather, after listing the criteria for virtual representation, the Court stated: "even the State concedes it cannot satisfy the elements of the doctrine." *Id*. at 789. The Court went on to explain that the State was not bound by the judgment and did not share an identity of interest with any party. *Id*. at 789-90. *Naylor* thus provides no support for Movants' "equity" argument.

Movants also misread *Garza v. Fliedner*, No. 05-15-01067-CV, 2016 WL 7438756, at *5 (Tex. App.–Dallas Dec. 27, 2016, pet. denied) as a case "denying

appellate intervention based on virtual representation doctrine due to movant's delay." *Joint Motion at 30.* *Garza* held the doctrine of virtual representation was inapplicable because the attempted intervenor was actually a named party to the trial-court judgment and neither an "unnamed party nor a third party to the proceedings" for which the doctrine exists. *Id*. at *4. And the "delay" the court referred to was not delay in attempting to intervene, but the fact that, as a party, the attempted intervenor missed her deadline to file a notice of appeal by almost six months. *Id*. at *3. This is a timeliness issue under appellate rules—not an equitable bar to virtual representation. Movants cite no authority whatsoever supporting the proposition that it would be inequitable to allow Aetna party status because it did not intervene immediately after Movants filed suit—because there is none.

Second, Movants claim that it would somehow be inequitable to allow Aetna party status here because Aetna does not allege that "some aspect of the Commissioner's strategy, arguments, or interests changed in a manner that *caused them to seek intervention as late as they did*." *Joint Motion at 30* (emphasis added). As demonstrated above, Aetna sought to intervene—and expressly invoked virtual representation in its Notice of Appeal—far earlier in the process than other litigants to which the Supreme Court has afforded party status.

11

Moreover, it is difficult to reconcile this alleged "inequity" with the doctrine's explicit requirement that Aetna and the Commissioner share an "identity of interests." Contrary to Movants' suggestion, the Supreme Court in *Chambers-Liberty Counties Navig. Dist. v. State*, 575 S.W.3d 339 (Tex. 2019), expressly declined to "address whether the virtual-representation doctrine only applies where the party with the same interests as the party seeking intervention has abandoned its position." *Id*. at 355. Assuming the party before it was otherwise entitled to invoke the doctrine of virtual representation, the Supreme Court denied party status based on timeliness because the party did not invoke the doctrine in the trial court or the court of appeals but attempted to do so for the first time in the Supreme Court—a far different situation than here. *Id*. at 356. And no one can know whether the Commissioner will assert every argument that Aetna wishes to advocate in this appeal until the Court receives briefs from all parties—another reason why Movants' request to delay briefing should be denied.

Finally, Movants offer a parade of speculation for the notion that they might be prejudiced if the Court allows Aetna to participate as a party. *Joint Motion at 31-32.* Movants speculate that they could be adversely affected if they prevail in this Court, the Commissioner elects not to seek review in the Supreme Court, but Aetna attempts to further appeal. They hypothesize that Aetna could "attempt to interfere" with potential unspecified agreements they may make with the

12

Commissioner. And they profess concern that Aetna's party status could complicate the appeal by introducing new issues. These arguments are pure conjecture and have no basis in law.

While Aetna is aligned with the Commissioner in pursuing a reversal of the trial-court's improper injunction, Aetna remains, as a practical matter, dependent on the Commissioner's continued intent to award the contracts as HHSC stated in March 2024. RR Vol 9, PX 95. It is highly unlikely that Aetna would attempt to scuttle a deal HHSC desires to make or appeal a judgment it is willing to accept. Movants cite no case in which any court has ever denied party status based on such dubious speculation, and Aetna urges this Court not to be the first.

For these reasons, Movants' equity arguments collapse under scrutiny. Aetna satisfies every element of the virtual representation doctrine, and Movants cite no authority supporting denial of party status under remotely similar circumstances. The Court should deny Movants' motion to dismiss. Aetna is a proper party to this appeal, and its participation will ensure that the Court hears from a directly affected entity with a substantial legal interest in the outcome. For this reason, the Court need not even address the alternative jurisdictional grounds argued below.

## II. Aetna is a proper party as an intervenor in the trial court with a justiciable interest in reversing the temporary injunction.

Aetna is properly before this Court as an intervenor with a direct and justiciable interest in obtaining relief from the temporary injunction order. Aetna filed a petition in intervention in the trial court, which clearly articulated how the temporary injunction adversely affects its legal rights. *See* CR5976–78. No party challenged Aetna's intervention or moved to strike it. Aetna then timely filed its notice of appeal. *See* CR5970. Again, no party objected. Since that time, Aetna has been properly docketed and identified as an appellant.

Under Texas Rule of Civil Procedure Aetna's intervention was effective upon filing, "subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60. "Intervenors are parties until the trial court grants a motion to strike." *Ctr. Rose Partners, Ltd. v. Bailey*, 587 S.W.3d 514, 531 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Because no party moved to strike Aetna's intervention, and "the propriety of intervention" may not be litigated "for the first time" on appeal, Aetna is a party with the same appellate rights as any originally named party. *See Jones v. Springs Ranch Co.*, 642 S.W.2d 551, 554 (Tex. App.—Amarillo 1982, no pet.).

**A. Aetna has standing because the injunction directly binds Aetna and harms it.**

Movants contend that Aetna's petition in intervention is insufficient to establish standing to appeal the temporary injunction. *See Joint Motion at 8.* But this argument ignores controlling precedent. As Movant's own cited authorities confirm, "[w]hile appellate standing typically extends only to those who were parties before the trial court, party status per se is not controlling—the ultimate inquiry is whether the appellant possesses a justiciable interest in obtaining relief from the lower court's judgment." *Elec. Reliability Council of Tex., Inc. v. CPS Energy*, 648 S.W.3d 520, 531–32 (Tex. App.—San Antonio 2021, pet. denied) (quoting *Tex. Quarter Horse Ass'n v. Am. Legion Dep't of Tex.*, 496 S.W.3d 175, 184 (Tex. App.—Austin 2016, no pet.)).

Aetna's petition in intervention satisfies that standard. It explains that the injunction directly restrains Aetna's conduct by preventing it from implementing its awarded contract under the STAR & CHIP RFP. Specifically, Aetna stated:

> But for the Order, Aetna would be actively participating with HHSC in signing, entering into, executing, implementing, taking action to effectuate, and taking action to perform contracts resulting from the STAR & CHIP RFP. The Order requires Aetna to suspend its implementation plans pursuant to the Notice of Intent to Award, on which Aetna has been investing substantial time and resources. If Plaintiffs ultimately prevail on their respective claims, Aetna, the Medicaid and Children's Health Insurance Program, and their respective beneficiaries stand to be irreparably harmed.

15

> Further, Aetna potentially stands to forfeit its significant investment in the State of Texas, the benefit of its successful proposal and its rights pursuant to HHSC's Notice of Intent to Award.

CR5978. This is not a speculative or generalized grievance. The injunction imposes concrete restrictions on Aetna's conduct and threatens substantial harm to its contractual rights and investments in the State of Texas and to its Medicaid beneficiaries. That is more than sufficient to establish a justiciable interest and appellate standing. The Court should therefore summarily reject Movants' challenge and allow this matter to be heard on its merits with Aetna's participation as an appellant.

## B. Filing a petition in intervention is not a "proceeding" under section 51.014(b).

Movants' challenge to Aetna's party status under section 51.014(b) not only overlooks the dispositive "justiciable interest" standard for appellate standing, but it also misreads the statutory text governing interlocutory appeals.

Section 51.014(b) of the Texas Civil Practice and Remedies Code provides that an interlocutory appeal of certain orders—including the one at issue here— "stays all other proceedings in the trial court pending resolution of that appeal." This language must be read in context. The statute distinguishes between the "commencement of a trial," which is stayed in most interlocutory appeals, and "all other proceedings," which are stayed only in a subset of cases. Applying ordinary

16

principles of statutory construction, "all other proceedings" refers to other judicial activities that, like commencing a trial, require the trial court's active exercise of jurisdiction.

Nothing in the statute suggests that the Legislature intended to prohibit parties from filing documents with the district clerk. To the contrary, the structure and language of section 51.014(b) indicate that the stay applies to the trial court's authority to act—not to the parties' ability to file papers. The Supreme Court confirmed this interpretation in 2008 when it amended Rule of Appellate Procedure 29.5 to align with section 51.014(b). That rule, titled "Further Proceedings in Trial Court," addresses only the trial court's power to issue orders during an interlocutory appeal. It does not restrict party filings or suggest that such filings constitute "proceedings."

Acknowledging that section 51.014(b) cannot possibly prohibit all filings, Movants attempt to distinguish between "appellate filings" and other filings. *Joint Motion at 12*. But this distinction finds no support in the statutory text. If filing a petition in intervention were a prohibited "proceeding," then so too would be filing a notice of appeal or a request for the appellate record—an outcome that would render interlocutory appeals unworkable. Movants' interpretation would lead to absurd results, which the Legislature did not and could not have intended.

Moreover, Movants' manufactured concern that allowing party filings would open the door to "full-blown discovery and motion practice" is misplaced. While parties may serve discovery or file motions, they cannot compel responses or obtain rulings while the stay is in effect. The statute sensibly allows parties to take cooperative or preparatory steps that do not require judicial action. If the Legislature had intended to bar all party activity, it could have said so explicitly—and it did not do so.

This is a matter of statutory construction, and the Court's task is to give effect to the plain meaning of the words the Legislature chose. As the Supreme Court recently reaffirmed, the statutory text is the "alpha and omega" of interpretation. *Am. Pearl Grp., L.L.C. v. Nat'l Payment Sys., L.L.C.*, No. 24-0759, 2025 WL 1478179, at *3 (Tex. May 23, 2025). While some prior cases have deemed filings during a section 51.014(b) stay "ineffective," none has done so based on a close reading of the statutory language. As the court primarily responsible for appeals involving government pleas to the jurisdiction, this Court should not accept Movants' superficial invitation to equate "all other proceedings" with "all unilateral party activities except appellate filings." The statute does not support that reading and it is nonsensical.

Aetna's petition in intervention was therefore valid when filed. It did not require judicial action. And because Aetna has a clear, direct, and personal

18

justiciable interest in lifting the injunction—an order that directly impairs its ability to implement a contract awarded by HHSC—it has standing to appeal both as a party and as an aggrieved nonparty.

**III.    The Court should reject Movants' request for further delay.**

Briefing in this accelerated appeal should begin immediately. Indeed, the Court may find it helpful to review Aetna's and the Commissioner's briefs before ruling on the motion to dismiss. Movants plainly benefit from delay—not because the Motion's resolution affects their ability to brief the merits, but because they continue to profit as holdover plan sponsors while HHSC remains judicially barred from awarding contracts to the plans it has determined will deliver better value to Texans.

Movants' failed legislative detour has already delayed this appeal long enough. In accordance with Rule 40.1, which mandates precedence for accelerated cases, the Court should respectfully direct all parties to begin briefing under the schedule set forth in Rule 38.6—subject, of course, to the standard right to seek extensions for good cause. Tex. R. App. P. 40.1; 38.6.

To avoid duplication of argument and in the spirit of judicial economy, Aetna hereby adopts and incorporates by reference the additional arguments and authorities submitted by Molina Healthcare of Texas, Inc.

**Prayer**

For all of these reasons, Aetna respectfully urges the Court to deny Movants'

motion to dismiss.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP
/s/ *Marc J. Kessler*
Marc J. Kessler
Ohio Bar No. 0059263
41 South High Street, Suite 1800
Columbus, Ohio 43215-6106
(614) 220-0237

EWELL, BROWN, BLANKE & KNIGHT LLP
/s/ *Joseph R. Knight*
Joseph R. Knight
State Bar No. 11601275
111 Congress Avenue, 28th Floor
Austin, Texas 78701
512.770.4010
877.851.6384 (fax)
jknight@ebbklaw.com

*Attorneys for Aetna Better Health of Texas, Inc.*

## Certificate of Service

I certify that a true and correct copy of the foregoing document has been filed and served on all counsel of record on July 24, 2025, via the Court's electronic filing service.

/s/ *Joseph R. Knight*
Joseph R. Knight

21

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 103549237
Filing Code Description: Response
Filing Description: Aetna's Response to Appellees' Joint Motion to Dismiss
Status as of 7/24/2025 2:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michaelle Peters | | mpeters@scottdoug.com | 7/24/2025 1:51:10 PM | SENT |
| Julie Wright | | julie.wright@nortonrosefulbright.com | 7/24/2025 1:51:10 PM | SENT |
| Amanda DoddsPrice | | amanda.price@squirepb.com | 7/24/2025 1:51:10 PM | SENT |
| Karen Burgess | 796276 | kburgess@burgesslawpc.com | 7/24/2025 1:51:10 PM | SENT |
| Mark Emery | 24050564 | mark.emery@nortonrosefulbright.com | 7/24/2025 1:51:10 PM | SENT |
| Robert Johnson | 10786400 | rjohnson@foley.com | 7/24/2025 1:51:10 PM | SENT |
| Richard Phillips | 24032833 | Rich.Phillips@hklaw.com | 7/24/2025 1:51:10 PM | SENT |
| J McCaig | 24070083 | meghan.mccaig@outlook.com | 7/24/2025 1:51:10 PM | SENT |
| Michelle Ku | 24071452 | mku@foley.com | 7/24/2025 1:51:10 PM | SENT |
| Joseph Knight | 11601275 | jknight@ebbklaw.com | 7/24/2025 1:51:10 PM | SENT |
| Amy Warr | 795708 | awarr@adjtlaw.com | 7/24/2025 1:51:10 PM | SENT |
| Warren Huang | 796788 | warren.huang@nortonrosefulbright.com | 7/24/2025 1:51:10 PM | SENT |
| Paul Trahan | 24003075 | paul.trahan@nortonrosefulbright.com | 7/24/2025 1:51:10 PM | SENT |
| Susan Harris | 6876980 | susan.harris@nortonrosefulbright.com | 7/24/2025 1:51:10 PM | SENT |
| Anna Baker | 791362 | abaker@adjtlaw.com | 7/24/2025 1:51:10 PM | SENT |
| Maria Williamson | | maria.williamson@oag.texas.gov | 7/24/2025 1:51:10 PM | SENT |
| Mandy Patterson | | mpatterson@adjtlaw.com | 7/24/2025 1:51:10 PM | SENT |
| Michelle Joyner | | mjoyner@scottdoug.com | 7/24/2025 1:51:10 PM | SENT |
| William FCole | | William.Cole@oag.texas.gov | 7/24/2025 1:51:10 PM | SENT |
| Abril Rivera | | arivera@scottdoug.com | 7/24/2025 1:51:10 PM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 7/24/2025 1:51:10 PM | SENT |
| Kristin Hernandez | | kristin.hernandez@foley.com | 7/24/2025 1:51:10 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 103549237
Filing Code Description: Response
Filing Description: Aetna's Response to Appellees' Joint Motion to Dismiss
Status as of 7/24/2025 2:41 PM CST

Case Contacts

| Kristin Hernandez | | kristin.hernandez@foley.com | 7/24/2025 1:51:10 PM | SENT |
|---|---|---|---|---|
| Thomas Coulter | 4885500 | tom.coulter@nortonrosefulbright.com | 7/24/2025 1:51:10 PM | SENT |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 7/24/2025 1:51:10 PM | SENT |
| Jessie Johnson | | jessie.johnson@nortonrosefulbright.com | 7/24/2025 1:51:10 PM | SENT |
| Benjamin Grossman | | bjgrossman@foley.com | 7/24/2025 1:51:10 PM | SENT |
| Cory Scanlon | | cory.scanlon@oag.texas.gov | 7/24/2025 1:51:10 PM | SENT |
| Cheryl LaFond | 24104015 | clafond@scottdoug.com | 7/24/2025 1:51:10 PM | SENT |
| David Johns | | david@cobbjohns.com | 7/24/2025 1:51:10 PM | SENT |
| Jennifer Cook | | Jennifer.Cook@oag.texas.gov | 7/24/2025 1:51:10 PM | SENT |
| Juliana Bennington | | jbennington@perkinscoie.com | 7/24/2025 1:51:10 PM | SENT |
| Jonathan Hawley | | jhawley@perkinscoie.com | 7/24/2025 1:51:10 PM | SENT |
| Reina A.Almon-Griffin | | ralmon-Griffin@perkinscoie.com | 7/24/2025 1:51:10 PM | SENT |
| Trisha Marino | | tmarino@perkinscoie.com | 7/24/2025 1:51:10 PM | SENT |
| Perkins Docketing Team | | DocketSEA@perkinscoie.com | 7/24/2025 1:51:10 PM | SENT |
| Katie Dolan-Galaviz | | kgalaviz@burgesslawpc.com | 7/24/2025 1:51:10 PM | SENT |
| Karen Walker | | karen.walker@hklaw.com | 7/24/2025 1:51:10 PM | SENT |
| Tiffany Roddenberry | | tiffany.roddenberry@hklaw.com | 7/24/2025 1:51:10 PM | SENT |
| Stacey Obenhaus | | sobenhaus@foley.com | 7/24/2025 1:51:10 PM | SENT |
| Jason R.LaFond | | jlafond@scottdoug.com | 7/24/2025 1:51:10 PM | SENT |
| Matthew Gordon | | mgordon@perkinscoie.com | 7/24/2025 1:51:10 PM | SENT |
| Stacey Jett | | sjett@adjltaw.com | 7/24/2025 1:51:10 PM | SENT |